OPINION OF THE COURT
Leona Freedman, J.
Complainant Jay A. Kranis applies to this court for an order permitting him to serve a Criminal Court summons by substituted service. He alleges that the defendant Abby S. Turkel "destroyed C/W’s [complaining witness’] bicycle by purposely driving over it” with her automobile. He alleges further that the named defendant is avoiding personal service but that Mr. Kranis will be able to use substituted service by affixing a copy of the summons to the door of defendant’s residence and, subsequently, mailing a copy to her. I find, however, for the reasons stated below, that personal delivery —and not "nail and mail” — is the only permissible method of service upon a natural person in a criminal case. Accordingly, complainant’s application is denied.
i.
Procedure in a criminal case is governed by the Criminal Procedure Law and there is no provision in the CPL for method of service of a criminal summons upon a natural person. The only provisions concerning such service are in CPL 130.40, as follows:
"1. A summons may be served by a police officer, or by a *48 complainant at least eighteen years old or by any other person at least eighteen years old designated by the court.
"2. A summons may be served anywhere in the county of issuance or anywhere in an adjoining county.”
Obviously, this section does not answer the question of the methods to be used to serve the summons by a private individual. Similarly silent are the Criminal Court Act and the Rules of the Criminal Court. In addition there is very little case law on this issue. A leading Appellate Division, First Department, case is applicable and may be controlling. It states that, where — as here — a statute is silent as to method of service, "personal delivery” is the only permissible method. (Twentieth Century-Fox Film Corp. v Dupper, 33 AD2d 682 [1st Dept 1969].) In this case, the plaintiff in a civil action attempted to serve process on a nonresident defendant’s attorney, as an agent for service. In that case the Appellate Division stated that "[personal delivery is the only method when a statute directs service of a process and is silent as to method.” (Twentieth Century-Fox Film Corp. v Dupper, supra, p 682.)
"Personal delivery” is to be distinguished from "personal service.” "Personal service” methods upon a natural person are stated in CPLR 308. "Personal delivery” — that is, "in hand” delivery — is but one method of "personal service.” (See, 3 Carmody-Wait 2d, NY Prac § 24:38, at 686; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C317:l, p 352; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.02.) CPLR 308 includes as "personal service”: 1. "Personal delivery”; 2. "delivery and mail”; 3. "service upon a designee”; 4. "substituted service”; and 5. "expedient service.”
The holding in Twentieth Century-Fox Film Corp. v Dupper (supra) — that "personal delivery” is the only permissible method of service when a statute is silent on service — has been extended by lower courts to criminal cases. In the decision of People v Eica Constr. Corp. (85 Misc 2d 1026 [Dist Ct, Suffolk County 1975]), the complainant attempted to serve criminal process on a corporate defendant. CPL 600.10 (1) sets forth the methods of service of process upon a corporation: "Such process must be served upon the corporation by delivery thereof to an officer, director”.
The Eica court interpreted the phrase "by delivery thereof’ to require "personal delivery” of process. "In Twentieth Century-Fox Film Corp. v Dupper (33 AD2d 682) the matter was *49 clearly settled in civil actions by the court’s holding that personal delivery is the only method when a statute directs service of process and is silent as to method [citation omitted]. This court now applies that rule to criminal actions.” (People v Eica Constr. Corp., supra, pp 1027-1028.) Restating this principle for the case at bar in New York County, personal delivery of a criminal summons is required because CPL 130.40 directs service but is silent as to the permissible method and under those circumstances the Appellate Division, First Department, and other courts have stated that only personal delivery will be allowed. (Twentieth Century-Fox Film Corp. v Dupper, supra; People v Eica Constr. Corp., supra.)
II.
Complainant argues in his memorandum of law that "there is no viable distinction between CPL Sec. 130.40 and FRCP [Federal Rules of Criminal Procedure] Rule 4, nor is any such distinction justifiable.” Federal Rules of Criminal Procedure rule 4 (d) (3) (in 18 USC, Appendix) provides for service of a criminal summons in a Federal case by personal delivery or by delivery to a person of suitable age and discretion at the usual place of abode of the defendant and by mailing a copy to the last known address of the defendant. The "distinction” between this rule and the statute CPL 130.40 is that the Legislature of this State saw fit to omit the "suitable age and discretion” provision from the statute whereas Congress included it in the Federal statute.
For a rule of statutory construction this court looks to McKinney’s Consolidated Laws of NY, Book 1, Statutes § 74, which reads, in pertinent part, as follows: "[I]f the legislature had intended the statute to include the matter in question, it would have been easy for them to have said so and to have expressly included it * * * [T]he failure of the Legislature to include the matter within the scope of the act indicates that its exclusion was intended”. (See also, Pajak v Pajak, 56 NY2d 394 [1982].) Under the principle of statutory construction quoted above, I will not assume that the Legislature intended to authorize a method of service it did not specifically include in the statute when it could have included it.
m.
There is also strong public policy in favor of limiting the authorized method of service in criminal actions, solely to *50 personal delivery. In my experience as a Civil Court Judge I found that substituted service lent itself to many abuses. (See, Mountbatten Equities v Metheny, NYLJ, Apr. 27, 1983, p 13, col 3 [Civ Ct, NY County]; see also, Leader House Assoc. v Reyes, NYLJ, Feb. 16, 1983, p 13, col 3 [Civ Ct, NY County, Lehner, J.]; S.P.S.G., Inc. v Collado, 113 Misc 2d 167 [Civ Ct, NY County, Taylor, J.]; Siegel, NY Prac § 71, at 76.)
Requiring in-hand delivery of process reduces the possibility of false claims of service. It provides greater assurance of actual notice to the defendant. In a criminal action, where the liberty of a defendant is in jeopardy due process requires that a defendant receive notice of a pending proceeding. (See, Williams v New York, 337 US 241 [1949], reh denied 337 US 961, reh denied 338 US 841.) I find that this can best be assured by requiring process to be served by personal delivery.
IV.
Complainant cites People v Perfecto Chem. Co. (123 Misc 443 [Ct of Special Sessions 1924]) for the proposition that this court should "refer” to all the provisions of CPLR 308 and permit other methods of service. Complainant’s reliance on People v Perfecto Chem. Co. (supra) is misplaced. Perfecto is clearly distinguishable from the case at bar because in Perfecto, a 1924 case, the court applied the civil statute’s service methods as directed by the criminal statute then applicable, Code Criminal Procedure § 681. In the case at bar, however, the applicable statute is CPL 130.40 which is silent as to method and does not refer the court to the civil statute. Further, I will not insert a meaning into the statute omitted by the Legislature. (Pajak v Pajak, supra.) Therefore, People v Perfecto Chem. Co. (supra) is not persuasive authority for complainant’s position.
v.
In the Practice Commentary to CPL 130.40 (McKinney’s Cons Laws of NY, Book 11 A, p 169), Judge Bellacosa states that, "[t]his section requires personal service only of the criminal summons” (emphasis supplied). I interpret this commentary to mean "personal delivery.” The definition stated in Black’s Law Dictionary (4th ed) is probably the one Judge Bellacosa had in mind. It states that personal service: "is made by delivering it to the person named, in person [citation omitted] or handing him a copy and informing him of the *51 nature and terms of the original.” This definition is "personal delivery” and I agree with Judge Bellacosa that it is the only permissible method of serving a criminal summons upon a natural person.
For all the reasons stated above, complainant’s application is denied.