OPINION OF THE COURT
Martin G. Karopkin, J.
The 26 cases involved herein are consolidated for purposes *1010 of this decision due to the identical nature of the pleadings and issues. They are representative of numerous similar prosecutions against secular and religious institutions still pending in this county and, apparently, throughout the city.
The 12 defendants in these cases are principals, pastors, members of the clergy and others who in some way are, purportedly, connected with parochial schools run by churches and synagogues, which were allegedly in violation of various building regulations contained in the Administrative Code of the City of New York, based on noncompliance with Local Laws, 1984, No. 16 of the City of New York.
In all of these matters, the defendants were served tickets in the mail ordering them to come to the Criminal Court.
Subsequently, counsel appeared in behalf of the institutions involved requesting corporate substitutions and asserting that the underlying violations had been, or were being, corrected.
The Assistant Corporation Counsel has refused to consent to corporate substitutions in these matters, unless the defendants agreed to plead guilty and to accept the dispositions offered.[1]
In the alternative, the People have requested the court to compel the defendants’ appearances if such agreements cannot be reached.
This court has, thus, been requested to participate in, and to perpetuate, the failure of proper service and notice under the law.
On numerous occasions in the past, it has been pointed out by this and other courts that the CPL requirements of personal service are not being followed by the Buildings Department and other administrative agencies. (See, People v Gross, 148 Misc 2d 232; People v J & L Landscaping, NYLJ, Nov. 5, 1990, at 27, col 6.)
The office of Corporation Counsel has repeatedly argued, in *1011 their answers, that defective service is irrelevant because a defendant’s appearance in answer to the charges confers personal jurisdiction. (See, People v MacFarlene Co., 130 Misc 2d 70.)
There is a difference between defects in service which are mistaken and what appears to be a continuing and ongoing practice of ignoring the requirements of the CPL.
In all of these cases, the defendants have been "summoned” to come before the court by what amounts to a legal deception, when, in fact, the means utilized has no true legal force.
In none of these cases has the defendant at any time personally appeared before the court.
As such, the argument that the instruments mailed can be deemed appearance tickets under CPL 150.10, and that the defendants’ appearances in answer thereto confer personal jurisdiction, is, itself, moot.
Although the court is empowered under CPL article 120 or 130, to command a defendant’s appearance, both of those articles require a sufficient accusatory instrument to be filed in order to do so. (See, CPL 100.15,100.40.)
In these cases, the form accusatory instruments which have been submitted, are checked off to indicate that the defendants are "persons having control,” without further description. As such, the allegations are conclusory in nature. (See, People v Dumas, 68 NY2d 729.)
In addition, there is language in the allegations that the deponents "personally observed” the defendants’ violations, which statements are supplied by crossing out alternatives on the forms. However, it is evident from the lack of personal service that what the inspectors observe are the violations on the premises and not the defendants’ actually committing them. Further, these forms fail to state how the deponents came to know of the defendants’ relationships to the premises and what those relationships are. It is clear that the instruments are based largely on hearsay and, indeed, hearsay in which the source of the information and belief is entirely omitted.
For the aforecited reasons, the court now holds that jurisdiction has never been conferred in these cases and that no *1012 instruments have been filed which would otherwise enable the court to accomplish it.[2]
Accordingly, the charges against all of the defendants must, at this time, be dismissed for lack of jurisdiction.

. In light of the efforts to achieve compliance, the Corporation Counsel offered to reduce the charges from misdemeanors to violations for plea purposes and to impose fines. However, as a result of an anomaly in the Administrative Code of the City of New York, the fines available and offered on the "reduced” charges exceed the maximum fines which could have been imposed on the misdemeanors originally charged.
A further impediment to disposition was the prosecutor’s insistence that separate pleas be entered and separate penalties imposed on each of the multiple dockets that were filed with regard to each alleged violation. This position was maintained despite the fact that such multiple prosecutions appear to be barred under CPL article 40, and further, that multiple penalties are prohibited under Penal Law § 80.15.

. Further discussions were had regarding possible dismissals in the interest of justice pursuant to CPL 170.40. Among the issues considered in regard to this was the possibility that while municipal authorities are vigorously enforcing compliance with Local Laws, 1984, No. 16 of the City of New York in privately owned buildings, there may be no comparable efforts to achieve compliance in similar municipally owned and operated structures. In light of the initial jurisdictional defects in the instant cases, no further investigation or consideration of these matters is necessary at this time.