OPINION OF THE COURT
Michael J. Obus, J.
Defendant Alex DiLorenzo, III, moves to dismiss two informations charging him with violating various provisions of the Administrative Code of the City of New York. He contends *792 that delays in this prosecution have served to deprive him of his statutory right to a speedy trial under CPL 30.30 and his constitutional right to due process of law. He also asserts that the accusatory instruments are facially defective.
i.
Although defendant was not arraigned on any criminal charge until after a tragic fire on March 25, 1990, at the now infamous Happy Land Social Club left 87 people dead, the Building Code violations at issue here are alleged to have taken place at that location on November 20, 1988, some 16 months earlier. They were observed during the early morning hours of that day by a building inspector who ordered that the premises at 1961 Southern Boulevard be vacated immediately.
Thereafter, the inspector determined that defendant was the president of Clarendon Place Corporation, the corporate owner of the building. Accordingly, on November 25, 1988, he prepared four notices of violation, all issued pursuant to titles 26 and 27 of the Administrative Code.
On November 30, 1988, the inspector mailed to defendant at the corporation’s address a peremptory vacate order, the four violation notices and a universal summons type appearance ticket directing defendant’s appearance in Bronx Criminal Court on February 3, 1989. Although a certified mail return receipt for this package of documents was signed on December 2, 1988, by one Diane Endall in the box marked "agent,” defendant did not appear in court on February 3. As the People, in the interim, had filed the appearance ticket along with an information, a warrant was issued for defendant’s arrest.
It is uncontested that, despite the well-known location of defendant’s office and home in New York City, more than a year passed with absolutely no action being taken to execute the arrest warrant. The People concede that as a general rule, because of the enormous volume of such matters, warrants issued when defendants fail to appear on the return date of universal summons type appearance tickets are "simply entered in the computer system of the Police Department for future reference” in the event of subsequent arrests. In this case the warrant was never even entered into the computer.
On April 3, 1990, in the wake of news reports of the Happy Land fire and the outstanding warrant, defendant appeared in Bronx Criminal Court, the warrant was vacated and defen *793 dont was released on his own recognizance. He was arraigned on the initial information on April 20, 1990, and thereafter on superceding informations, before filing the instant motion.
n.
Ordinarily, a criminal action commences with the filing of an accusatory instrument. (See, CPL 1.20 [17]; 100.05; People v Lomax, 50 NY2d 351, 356 [1980].) An exception to this general proposition is found in CPL 30.30 (5) (b), which provides that "[w]here a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket”. In this matter, the People seem to concede that defendant was not "served personally” with the appearance ticket as required by CPL 150.40 (2). They part company with the defendant, however, in contending that the mere issuance and mailing of the ticket are sufficient to trigger the tolling provision of CPL 30.30 (5) (b).[1] The court disagrees.
CPL article 150 must be construed, in light of its language and purpose, to require personal delivery of an appearance ticket to the defendant. (See, People v Baxter, 148 Misc 2d 1009 [Crim Ct, Kings County]; cf., People v Turkel, 130 Misc 2d 47 [Crim Ct, NY County 1985] [CPL 130.40 interpreted to require personal delivery of court summons]; People v J. & L. Landscaping, NYLJ, Nov. 5, 1990, at 27, col 6 [Crim Ct, Kings County] [CPL 600.10 (1) requires personal delivery of corporate summons or appearance ticket].) In CPL 150.40 (2) it mandates that, except in the case of a parking infraction, the defendant must be "served personally,” and in CPL 150.20 (1) and (2), it empowers police officers and specially authorized public servants to "issue to and serve upon such person an appearance ticket.”[2]
*794 When the Legislature enacted the Criminal Procedure Law in 1970, it expanded the authority to issue such tickets in lieu of effecting full blown arrests. As explained by the Commission on Revision of the Penal Law and Criminal Code: "an appearance ticket is a substitute for or an alternative to an arrest without a warrant. Upon the theory that the virtues of this alternative have not been sufficiently exploited, the proposal empowers the police officer to issue and serve an appearance ticket upon a person, instead of arresting him, in any case in which an arrest for a misdemeanor or an offense would be authorized (§ 150.20 [1]); and similar provision is made for the issuance and service of such tickets by other public servants who are by other statutes specially authorized to do so (id., subd. 3).” (Mem in support and explanation of proposed Criminal Procedure Law [S Int 7276, A Int 4561], Commn on Revision of Penal Law and Criminal Code, Mar. 1970, at 9.) The drafters thus contemplated that in the typical case the defendant would be present when the ticket was issued.
Where the defendant is not present at the time of issuance, the policy considerations favoring personal delivery are especially strong. Personal delivery to such a defendant, whose liberty will be at stake in a criminal action, serves to assure his right to adequate notice and expeditious resolution of the charges. (See, People v Turkel, supra, at 49-50.) Moreover, it not only safeguards the defendant’s due process and speedy trial rights, but, as the converse has been graphically demonstrated here, it can also protect the public’s interest in seeing that criminal and potentially dangerous activity is promptly addressed. (See, People v Staley, 41 NY2d 789, 792 [1977]; People v Johnson, 38 NY2d 271, 276 [1975].)
The tolling provision of CPL 30.30 (5) (b) balances these considerations against the need to preserve scarce prosecutorial resources. As originally enacted, subdivision (5) (b) designated the return date of an appearance ticket as the commencement date of the criminal action for purposes of CPL 30.30. Having been interpreted to permit the speedy trial "clock” to run against the People even in the absence of the defendant (see, People v Colon, 59 NY2d 921 [1983], revg on opn of Atlas, J., at 110 Misc 2d 917 [Crim Ct, NY County 1981]), the statute was amended in 1982 to its present form. This change was "desirable since, in these nonfelony cases, it is unreasonable to require the prosecutor to prepare and *795 answer 'ready* when the defendant has not complied with process.” (Bellacosa, 1982 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, 1990 Supp Pamph, CPL 30.30, at 59.) The reasonableness of "shifting the burden” to the defendant is contingent, however, on such process having been properly served upon him in the first place.
Accordingly, where a defendant fails to appear in court after being served personally with an appearance ticket and thereby spared the trauma and humiliation of an arrest, the People are appropriately relieved of their obligation under the statute to. prepare the case for trial. Indeed, the defendant may be prosecuted under these circumstances for failing to respond to an appearance ticket. (See, Penal Law § 215.58; People v Gross, 148 Misc 2d 232, 240, n 11 [Crim Ct, NY County 1990].) Similar considerations are reflected in CPL 30.30 (4) (c), which ameliorates the People’s readiness burden where a defendant, who has been arraigned and released on bail or on his own recognizance, fails to appear in court and a bench warrant is issued. In both situations, the defendant, having been properly notified, bears the onus of complying with process. But where the People, apparently as a matter of regular practice (see, People v Baxter, supra), do not even attempt to meet the statutory requirement that the defendant be served personally with the direction to appear in court, such failure is certainly no basis for relieving them of what would otherwise be their duty to diligently secure the defendant’s appearance for trial.
It is, of course, true that an appearance ticket is merely an "invitation” to appear in court. (See, People v Byfield, 131 Misc 2d 884, 885 [Crim Ct, NY County 1986]; People v Gross, supra, at 239-240.) Once the defendant appears, even if in response to an improperly served or defective ticket, the Criminal Court acquires jurisdiction over his person. (See, People v Grant, 16 NY2d 722 [1965], cert denied 382 US 975 [1966].) The issue presented here, however, is not whether or when personal jurisdiction over the defendant was acquired, but at what point a criminal action against him was commenced. As the court holds that the mailing of an appearance ticket to the office of the defendant, who denies personally receiving it, does not amount to adequate service under CPL 150.40 (2) and therefore renders the tolling provision of CPL 30.30 (5) (b) inapplicable, such commencement must be marked in this *796 case by the filing of the "information” along with the ticket on or before the return date of February 3, 1989.[3]
[Portions of opinion omitted for purposes of publication.]

. In a somewhat confusing argument, defendant also contends that, despite the inapplicability of CPL 30.30 (5) (b), the action did not commence for constitutional due process purposes until defendant appeared in court 14 months after the filing of an accusatory instrument. In view of the disposition of this motion on statutory grounds, the court will not address the due process issue.

. The court recognizes that "personal service” in civil matters under CPLR 308 encompasses methods of service other than personal delivery. The People do not contend, however, that section 308 is applicable in this context, and for the reasons set forth in this opinion, the court concludes that it is not. In any event, service by certified mail to a person’s office would not satisfy that statute.

. It is true that in two unreported decisions submitted by the People, People v Goldman (Crim Ct, NY County 1985), and People v Simone (Crim Ct, Bronx County 1987), CPL 30.30 (5) (b) was applied even though the defendants claimed not to have been personally served with appearance tickets. In both of these cases, however, the court merely held that a failure to personally serve the ticket would not deprive the court of jurisdiction over the defendant’s person. Neither addressed the issue presented here. Accordingly, the instant case may be considered the first in which this issue has made an impression.