OPINION OF THE COURT
Martin G. Karopkin, J.
The defendants in these cases are a director and a clergyman associated with local religious centers.
They were served desk appearance tickets in the mail ordering them to appear in Criminal Court, which they did.
The defendants are charged with violating Local Law No. 16 of 1984 (amending Administrative Code of City of New York § 27-381) for failing to upgrade existing structures with proper exit lighting with regard to premises over which the defendants are, allegedly, in control, and for which they were, allegedly, mailed prior notice.
On numerous occasions during the past several months this court, and others, have warned the Office of the Corporation Counsel, the Buildings Department and other city agencies that service by mail is improper and contrary to CPL 150.40, as well as CPL 600.10. (See, People v Baxter, 148 Misc 2d 1009.)
In Baxter (supra), similar charges were lodged against numerous other clergy members, who did not personally appear, and this court found that jurisdiction had not been accomplished.
It may further be noted that the court has been liberal in construing the instruments so served to be appearance tickets, when the letters accompanying them characterized them as "summonses”. (See, People v Gross, 148 Misc 2d 232.)
Despite these efforts, the Corporation Counsel has continued to submit affidavits of mailing to the court accompanying its *3 pleadings and to argue that the defendants’ appearances confer jurisdiction and render that issue moot. (See, People v MacFarlene Co., 130 Misc 2d 70.)
For these reasons, this court now finds it necessary to fashion a remedy to deal with the repetitious abuse of the requirements of our procedural law.
CPL 170.40 permits the court to dismiss the charges against a defendant, under extraordinary circumstances, in the furtherance of justice. Such a motion has now been presented by the defense.
The interest of justice statute lists a number of factors for the court to consider singularly and collectively, in reaching a conclusion.
While a catechistic recitation of all the factors is not required, a clear review of the reasons for granting the relief should be placed on record. (See, People v Rickert, 58 NY2d 122.)
In these cases, the offenses involved have not been characterized as hazardous, and have not resulted in any injury. (See, Administrative Code of City of New York, tit 26, ch 1, subch 3, art 8.)
The evidence, thus far, has not even established the direct liability of the defendants for the conditions on the premises.
There can be no challenge to the esteem with which these defendants are regarded within their respective communities.
The imposition of sentence upon these defendants would do nothing to expedite removal of the violations which have, apparently, already been corrected.
The impact of a dismissal would have no adverse effect on the welfare of the community and, indeed, it may help highlight the inequity with which cases of this type are handled by the Corporation Counsel.
The public image of our justice system cannot be enhanced by the criminal prosecution of clergymen for such violations, when the courts are otherwise inundated by the results of violent crime.
There are no aggrieved victims here other than the building inspectors, who claim that the defendants are responsible based upon hearsay.
Clearly, convictions in these cases would serve no useful purpose.
The sole remaining factor for consideration thus becomes *4 CPL 170.40 (1) (e), which concerns misconduct on the part of those involved in the arrest and prosecution of the defendants.
This court has observed the New York City Corporation Counsel’s efforts to prosecute purported representatives of numerous private secular schools, religious institutions, as well as other charitable and not-for-profit corporations, for similar violations of Local Law No. 16. In virtually every case the institution was either in compliance or near compliance by the time the case reached this court.
Despite a universal lack of proper service, representatives of the Corporation Counsel have insisted upon personal appearance by the named defendants, who often have only a remote connection to the institution or the violation.
During discussions with the members of the Corporation Counsel’s office on various of these cases, it has been conceded that this court’s observation that New York City public schools and other public buildings operated by the city (including this courthouse) were not in compliance to the same degree as similar buildings in the private sector. Further, it was suggested to this court that the city was powerless to do anything beyond an interagency referral regarding such ongoing violations, as the Corporation Counsel would be involved in a conflict of interest if it were to endeavor to prosecute the municipal offenders.
It therefore comes as something of a surprise that the Corporation Counsel’s answer avers that the New York City Buildings Department "works closely with the Board of Education to ensure that the public school system is in full compliance.” It is unnecessary for the purpose of this decision to determine if this statement accurately represents that all public schools are currently in full compliance, or merely reflects an expectation that at some future date "close” cooperation will result in compliance. This court can merely suggest that an investigation of the issue should be undertaken by an appropriate oversight agency.
Whatever the level of compliance with Local Law No. 16 in publicly owned and operated buildings, it is apparent that the Corporation Counsel has taken it upon itself to create a double standard in the enforcement of the Building Code and, indeed, other municipal safety codes. So far, no one has argued that city agencies possess "sovereign immunity” from prosecution for violations of the Administrative Code, so it would appear that there is no basis for prosecuting only those *5 in the private sector for such violations. It seems, therefore, that if the only reason for not pursuing such a prosecution is a conflict of interest, then the Corporation Counsel must refer such matters to the District Attorney or request the appointment of a special prosecutor. (See, County Law § 701.)
As for the Corporation Counsel’s continued practice of flouting the service requirements of the Criminal Procedure Law, that abuse cannot be left unremedied.
The People have acquired these defendants’ presence by means of improper service which, if done with knowledge of the court’s prior warnings, amounts to an illegal deception.
For all of these reasons, this court now holds that the factors and circumstances balance compellingly in the defendants’ favor and that the prosecutions against these defendants, and all others so served and so situated, require relief in the furtherance of justice.
Accordingly and pursuant to CPL 170.40, the charges against the defendants are hereby dismissed and their records ordered sealed.