■ GEORGE RYBKA et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [693 NYS2d 566] —Order, Supreme Court, New York County (Karla Moskowitz, J.) entered January 15, 1998, which granted defendant New York City Health and Hospitals Corporation's (HHC) motion for summary judgment dismissing the complaint on grounds that the action was untimely commenced, reversed, on the law, without costs, the motion denied, the complaint reinstated and the matter remanded for further proceedings.

In this medical malpractice action, plaintiff was treated at Bellevue Hospital through November 25, 1991, which commenced the one year and 90 day Statute of Limitations period within which the notice of claim was required to be filed (General Municipal Law § 50-i). The limitations period expired on February 23, 1993. On February 17, 1993, plaintiff purchased an index number and moved by order to show cause for leave to file a late notice of claim. Plaintiff identified the proceeding as a special proceeding. The order to show cause was signed on February 22, 1993 and served on HHC on Feb-

ruary 23, 1993. When it was served, a copy of the summons and complaint was attached. However, the summons and complaint contained no index number or filing stamp. By order entered August 8, 1993, plaintiff's motion to serve a late notice of claim was granted. The General Municipal Law § 50-h hearing was conducted on September 20, 1993. Subsequently, HHC answered the complaint, asserting as affirmative defenses that the action was untimely insofar as it was commenced after the one year and 90 day limitations period had lapsed, and, moreover, that the court lacked jurisdiction insofar as the summons served on HHC had neither an index number nor a file stamp mark as required by CPLR 305 (a). On December 13, 1993, plaintiff purchased a second index number and filed a new, identical, summons and complaint. HHC asserted the same affirmative defenses in the answer to this complaint.

By motion dated October 28, 1997, HHC moved to dismiss the complaint or, in the alternative, for summary judgment on the ground that the action was time barred. Plaintiffs crossmoved to amend the original summons and complaint to incorporate the index number and filing stamp from the earlier proceeding and then to consolidate the two "actions," arguing that the failure to place a filing stamp and index number on the first complaint was a correctable technical defect under CPLR 305.

The motion court concluded that the original proceeding brought by order to show cause had sought limited relief and, upon the relief being granted, was a nullity, that the attachment of the pleadings as an exhibit to the order to show cause did not constitute filing of those pleadings under CPLR 304, and that the index number from the proceeding thereafter became ineffective for further purposes. Giving the failure to purchase a new index number for the original summons and complaint jurisdictional effect, the court found the first summons and complaint to be ineffective for commencement of the action, and the second summons and complaint to have been untimely, and dismissed the action. The issue for us is whether the failure to timely purchase a new index number necessarily has jurisdictional consequences or is a correctable defect under these circumstances.

Under CPLR 304, an action is commenced by filing a summons and complaint or summons with notice, and a special proceeding is commenced by filing a notice of petition or order to show cause and a petition, in the county in which the action or special proceeding is brought. CPLR 306-a (a) separately requires that upon filing a summons and complaint, an index

number shall be assigned and the fee therefor shall be paid. Under analogous circumstances, we have construed the purchase of the index number and payment of the filing fee to be only revenue measures not imposing jurisdictional requirements in addition to the filing and service requirements of CPLR 304. In *Ruiz v New York City Hous. Auth.* (216 AD2d 258), we denied a motion to dismiss for noncompliance with CPLR 306-a "where plaintiff had served defendant with the summons and complaint in this action under the index number purchased in the prior related and successful proceeding to serve a late notice of claim, [and] the revenue-raising purposes of the statutory scheme were satisfied by plaintiff's eventual purchase of a new index number, and defendant suffered no prejudice". Although it is not reflected in the *Ruiz* memorandum decision, the *Ruiz* record indicates that the one year and 90 day statutory period had passed when the second index number was purchased. Our prior authority applies here, and, under the circumstances set forth above, dismissal was inappropriate. Although defendant relies on *Matter of Gershel v Porr* (89 NY2d 327), concededly decided after *Ruiz*, *Gershel* nevertheless addresses a different point, and does not require any particular re-evaluation of *Ruiz*. In *Gershel*, the original proceeding had been withdrawn and marked "dismissed." Having abandoned the original proceeding, the petitioner in *Gershel* could no longer re-serve the papers under the original index number since that proceeding had already been dismissed, and leave to re-file was not sought before the limitations period had lapsed. The facts in *Gershel* are thus distinguishable from this case. Concur—Rosenberger, J. P., Tom and Mazzarelli, JJ.

Saxe, J., dissents in a memorandum as follows: I would affirm the dismissal of the action. The one year and 90 day Statute of Limitations applicable to this malpractice action (General Municipal Law § 50-i; McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended]) expired before plaintiffs took the steps necessary to successfully commence the action. Moreover, jurisdiction was not properly obtained over defendant.

It is undisputed that just before expiration of the Statute of Limitations, plaintiffs (1) served defendant with the summons and complaint containing plaintiffs' claims of medical malpractice, without benefit of purchasing and noting thereon an index number for that action, and (2) included that same summons and complaint as exhibits in plaintiffs' special proceeding for

leave to file late notice of claim. However, "service of process without first paying the filing fee and filing the initiatory papers is a nullity" (*Matter of Gershel v Porr*, 89 NY2d 327, 330). And, although an index number was purchased for the special proceeding, and the summons and the complaint were placed (as exhibits) in that court file and served upon respondent, such actions did not constitute the type of filing and service of initiatory papers necessary to commence the malpractice action in accordance with CPLR 304 and 306-a. A claim asserted in the complaint is deemed interposed for Statute of Limitations purposes when the summons and complaint is filed (CPLR 203 [c] [1]; *see, Matter of Vetrone v Mackin*, 216 AD2d 839, 841). The only matter commenced by plaintiffs' actions was the special proceeding.

Plaintiffs' application for leave to file late notice of claim tolled the running of the Statute of Limitations until service of the order deciding the petition (*see, Barchet v New York City Tr. Auth.*, 20 NY2d 1; *Giblin v Nassau County Med. Ctr.*, 61 NY2d 67). However, since the petition had been served on the last day of the one year and 90 day period, no additional days remained thereafter in which to commence the contemplated action. Even assuming that operation of General Municipal Law § 50-i entitled plaintiffs to have an additional 30-day period grafted onto the limitations period (so that plaintiff can make the showing required by that subdivision [1] of statute that "at least thirty days have elapsed since the service of such notice [of claim]") (*but see, Joiner v City of New York*, 26 AD2d 840), plaintiffs did not properly commence their medical malpractice action within that additional 30-day period in any case.

Unlike other time periods contained in the CPLR, the broad discretion courts generally are afforded (*see*, CPLR 2004) does not apply to Statutes of Limitation. "No court shall extend the time limited by law for the commencement of an action" (CPLR 201). Therefore, although limitations periods may be altered by statutory tolls and extensions, "the statute of limitations is not subject to a discretionary judicial extension of time no matter how good the reasons for delay may be" (Siegel, NY Prac § 33, at 38 [2d ed]).

No existing statutory toll or case law extension of time conceivably authorizes the commencement of this medical malpractice action after October 13, 1993. Yet, no index number was purchased for this summons and complaint, nor were they filed as dictated by CPLR 306-a, until December 13, 1993. Thus, until that point the malpractice action was not properly commenced (*see, Venditti v Town of Alden*, 239 AD2d 910).

The expiration of the Statute of Limitations prior to plaintiffs' purchase of an index number and proper filing of the summons and complaint distinguishes this matter from *Poley Paving Corp. v United Cerebral Palsy Assn.* (241 AD2d 847).

Reliance upon *Ruiz v New York City Hous. Auth.* (216 AD2d 258) is misplaced. There, the defendant's challenge to the plenary action was *not* on grounds that it was time-barred by the applicable Statute of Limitations, but rather was based upon the plaintiff's failure to serve and file the summons and complaint bearing the new index number within the 120-day time frame dictated by the statutory deadline of CPLR 306-a and 306-b. This distinction is critical because the broad discretion for the application of CPLR deadlines generally (CPLR 2004) does not apply to limitations periods (CPLR 201).

Furthermore, jurisdiction over defendant in this malpractice action was not obtained by the steps taken by plaintiff: the summons served on defendant had neither an index number nor file stamp as required by CPLR 305 (a). Jurisdiction obtained over defendant in a related, but separate, special proceeding does not support the assertion of jurisdiction over defendant in the malpractice action.