■ CHIACCHIA & FLEMING, LLP, as Special Counsel to Trustee in Bankruptcy, on Behalf of THOMAS M. QUINN, Respondent, v EUSEBIO L. GUERRA et al., Appellants. [765 NYS2d 134] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered November 22, 2002, which denied defendants' motion to dismiss the complaint and granted plaintiff's cross motion to consolidate.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted and the complaint is dismissed.

Memorandum: By stipulated order, Supreme Court dismissed a prior action commenced by Thomas M. Quinn against defendants on the ground that Quinn had filed for bankruptcy

without disclosing the action as an asset and thus lacked the legal capacity to sue. By that order, the court dismissed Quinn's "claims" without prejudice and further ordered that, "pursuant to Section 205 (a) of the CPLR, the claims of [Quinn] may be reasserted or recommenced in a new action by [Quinn] or the Bankruptcy Trustee in his representative capacity for [Quinn]." The court further ordered that, upon commencement of the "new action," service upon the attorneys for defendants would be deemed sufficient service.

Plaintiff, as Special Counsel to the Trustee in Bankruptcy on behalf of Quinn, then commenced this action by filing a summons and complaint (second complaint) with the index number of the action that had been dismissed. Defendants asserted an affirmative defense of lack of subject matter jurisdiction in their answer to the second complaint, and they thereafter engaged in mediation and pretrial discovery. Approximately eight months later, defendants moved to dismiss the second complaint under CPLR 306-a, arguing that plaintiff's failure to purchase a new index number rendered the second action a nullity and that the court lacked subject matter jurisdiction over the second action. Plaintiff cross-moved for consolidation of the second action with an action against a different defendant involving a separate motor vehicle accident resulting in similar injuries.

The court erred in denying defendants' motion and in granting plaintiff's cross motion. Plaintiff was required to purchase a new index number upon the commencement of a new action (*see Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]; *see also Perez v Paramount Communications*, 92 NY2d 749, 754-755 [1999]; *Midamerica Fed. Sav. Bank v Gaon,* 242 AD2d 610, 611 [1997]; *cf. Matter of Fry v Village of Tarrytown,* 89 NY2d 714, 719 [1997]), and the failure to do so renders the second action a nullity, "the action * * * never having been properly commenced" (*Gershel,* 89 NY2d at 330; *see Keglic v Flater,* 266 AD2d 353, 354 [1999]). Indeed, the absolute necessity of purchasing an index number to commence an action was reaffirmed in *Perez* (92 NY2d at 754) when the Court of Appeals, citing *Gershel,* noted that "a defective filing may be waivable *as long as the filing fee is paid * * *"* (emphasis added). Thus, we hold that the failure to pay the filing fee and secure a new index number is a nonwaivable defect (*see id.* at 755; *see also Matter of Gleason [Michael Vee, Ltd.],* 271 AD2d 736, 737 [2000], *revd on other grounds* 96 NY2d 117 [2001]; *Mandel v Waltco Truck Equip. Co.,* 243 AD2d 542, 543 [1997], *lv denied* 91 NY2d 809 [1998]; *cf. Perry-Rogers v Fasano,* 276 AD2d 67,

71 [2000], *lv denied* 96 NY2d 712 [2001]). To the extent that we previously have held otherwise in cases decided before *Perez* (*see e.g. Venditti v Town of Alden*, 239 AD2d 910 [1997]), those decisions are no longer to be followed. Nor can plaintiff's failure to obtain a new index number be corrected nunc pro tunc (*cf. Perry-Rogers*, 276 AD2d at 71). Because the action that is the subject of this appeal was not properly commenced, "there was no action pending for which nunc pro tunc relief could be granted" (*Mandel*, 243 AD2d at 544), nor consolidation ordered. Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.