OPINION OF THE COURT
Michael D. Stallman, J.
Plaintiff moves for leave to purchase an index number and to file the summons and complaint nunc pro tunc. The City cross-moves for dismissal. The motions require reconsideration of the commencement by filing law (CPLR 304, 306-a) with the General Municipal Law requirements for filing claims against municipalities. (General Municipal Law § 50-e et seq.) Is the *752 failure to purchase a new index number after conclusion of a related special proceeding, and the nonfiling of the summons and complaint, fatal, curable or waivable? How do such defects affect the statute of limitations, the recommencement toll and third-party practice?
Facts
Plaintiffs property damage subrogation claim arises from a December 29, 1999 water main break. On March 5, 2000, plaintiff purchased an index number and filed motion papers with the County Clerk for leave to serve a late notice of claim against the City. By decision and judgment of September 20, 2000, Justice Huff granted the application, marking the file “final disposition”; that disposition was entered in the Supreme Court’s public database.
Nearly six months later, on March 12, 2001, using the index number of the special proceeding, plaintiff served a summons and complaint on the City alleging negligence in the December 29, 1999 water main break.[1] The City served its answer April 10, 2001. It is undisputed that plaintiff never filed the summons and complaint with the County Clerk; plaintiff neither attempted to obtain a new index number to commence an action nor paid a new filing fee.
Nothing else happened until January 7, 2003, when, plaintiff claims, prior counsel transferred the file to a firm in Michigan. Plaintiffs counsel states that on February 4, 2003 he discovered that the matter was “removed from the Court’s calendar.”
By administrative order, all cases arising from this water main break were assigned to this court, which held a conference on May 6, 2003. Plaintiffs local counsel submitted a stipulation to restore the action to the calendar. The court declined to so-order the stipulation because it bore the index number of the terminated proceeding, the court computer did not show that a summons and complaint had ever been filed with the County Clerk; it also had not been signed by all counsel.
I
Under New York’s commencement by filing system, purchase of an index number and filing of the initiatory papers *753 are the acts that commence an action. (CPLR 304, 306-a; see, Matter of Gershel v Porr, 89 NY2d 327, 330 [1996].) “[S]ervice of process without first paying the fifing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced.” (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 719-720 [1997].) “Strict compliance with CPLR 304 and the filing system is mandatory.” (Id., 89 NY2d at 723; Matter of Gershel, 89 NY2d at 330.)
General Municipal Law § 50-e (5) authorizes a motion for leave to file a late notice of claim against a public corporation, officer or employee. A motion is an application for an order in a pending action or proceeding. (See Matter of Lima & Honeoye Falls Ry. Co., 68 Hun 252 [1893].) If no action is pending, the relief must be sought by commencing a special proceeding. (See Matter of Crespo, 123 Misc 2d 862 [1984].) Plaintiffs purchase of the index number and filing of the moving papers effectively commenced a special proceeding. The notice of motion and supporting papers constituted the functional equivalent of a notice of petition and petition. (See Siegel, NY Prac §4 [3d ed].) Purchase of the index number did not commence an action, because no summons and complaint (or summons with object notice) was ever filed. Indeed, commencement of an action would have been premature, because filing of a notice of claim — the object of the application — is a condition precedent to commencing an action against the City of New York. (General Municipal Law § 50-e [1] [a].)[2]
The disposition of the special proceeding was clearly final. Not only was it so marked, it granted the only relief sought in the filed papers: leave to file a late notice of claim. Only upon that final disposition could the notice of claim be filed with the City Comptroller; only after the statutory 30-day waiting period elapsed after the notice was filed could an action have been commenced (General Municipal Law § 50-i [1] [b]) by purchase of a new index number and filing the summons and complaint.
Plaintiff relies on Baker v Guardian Life Ins. Co. (NYLJ, July 2, 2002, at 20, col 4 [Sup Ct, NY County, Abdus-Salaam, J.]). In Baker, plaintiff commenced special proceedings for preaction disclosure; the court denied the relief and dismissed the special *754 proceedings. Plaintiff thereafter filed complaints using the index numbers of the special proceedings. The court dismissed the complaints as nullities.
Plaintiff here attempts to distinguish Baker by asserting, without support, that the special proceeding for leave to serve a late notice of claim was still pending when plaintiff served the summons and complaint on the City. Plaintiff is incorrect. It is beyond dispute that the special proceeding for leave to file a late notice of claim was disposed and marked final on September 20, 2000. It is immaterial that the special proceeding here was granted rather than dismissed like those in Baker. When plaintiff served the summons and complaint, plaintiff knew, or should have known, that no action or proceeding remained pending, within which any legal paper could be served. Plaintiff knew that no complaint had been filed. Without a properly commenced pending action, service of the complaint was void. (CPLR 306-b [service must be made within 120 days after commencement by filing]; see Matter of Abramov v Board of Assessors, Town of Hurley, 257 AD2d 958 [1999], lv denied 93 NY2d 813 [1999].)
II
Under CPLR 203 (c), a claim asserted in the complaint is interposed against the defendant for statute of limitations purposes “at the moment” the action is commenced by filing. (Matter of Fry, 89 NY2d at 723.) Because service of process without filing was a nullity, plaintiff never interposed its claims. (Matter of Spodek v New York State Commr. of Taxation, 85 NY2d 760, 763 [1995].) The statute of limitations clock continued to run beyond the one-year plus 90-day period for commencement of an action against a municipality (General Municipal Law § 50-i [1] [c]); an action against the City is now time-barred. Moreover, because no action was ever commenced, the six-month period for postdismissal recommencement (CPLR 205) does not apply.
This court lacks power to excuse the filing defects as nonprejudicial (cf. CPLR 2001) or as law office failure (cf. CPLR 2005). The filing defects at issue were substantial and jurisdictional. CPLR 201 prevents any court from extending the period permitted by law for commencing an action, thereby barring a discretionary extension under CPLR 2004.
The instant case markedly differs from Rybka v New York City Health & Hosps. Corp. (263 AD2d 403 [1st Dept 1999]), *755 where plaintiff purchased an index number and filed an order to show cause seeking leave to file a late notice of claim. The signed and filed order to show cause contained the summons and complaint; after service, the plaintiff purchased a second index number and separately filed the summons and complaint. The Appellate Division held that plaintiff timely cured. In Rybka, the summons and complaint had been filed with the County Clerk upon commencement of the special proceeding; plaintiffs timely purchase of a second index number satisfied the revenue purpose of the commencement by filing law. Here, the summons and complaint were served when no action or proceeding was pending; plaintiff did not timely purchase a new index number and file the summons and complaint before expiration of the statute of limitations.
III
The City’s answer, which did not plead a statute of limitations defense, and which did not raise any commencement by filing law defect, cannot be considered a waiver. Because service of the summons and complaint here was a nullity, any responsive pleading was a nullity. Minor filing defects have been held waivable aspects of personal jurisdiction. (See Matter of Fry v Village of Tarrytown, 89 NY2d 714, 719 [defendant waived objection to plaintiffs filing with the County Clerk of unsigned copy of order to show cause, index number had been purchased, and order to show cause had been signed and served].) In contrast, the failure to file initiatory papers prior to their service is fatal and nonwaivable because the court’s subject matter jurisdiction was not invoked. (Matter of Gleason [Michael Vee, Ltd.], 271 AD2d 736 [3d Dept 2000], revd on other grounds 96 NY2d 117 [2001]; see Mandel v Waltco Truck Equip. Co., 243 AD2d 542 [2d Dept 1997], lv denied 91 NY2d 809 [1998]; Alexander, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, CPLR C304:3.) Fifing process under a disposed index number, without purchasing a new one, is also a defect in subject matter jurisdiction. (See Chiacchia & Fleming v Guerra, 309 AD2d 1213 [2003] [4th Dept] [after dismissal of action without prejudice, plaintiffs fifing and service of new complaint under dismissed index number held a nullity].)[3]
Here, the parties exchanged papers in a legal vacuum. To deem the answer a waiver of jurisdiction or the statute of fimi *756 tations would accord service of the summons and complaint a legal effect not permitted by law. The attempted stipulation cannot be considered a waiver or consent. Parties may not invoke a court’s subject matter jurisdiction by unilateral act or consent. (See Barr, Altman, Lipshie and Gerstman, 1 New York Civil Practice Before Trial § 6:51.) An objection to subject matter jurisdiction is never waived and can be raised at any time. (Lacks v Lacks, 41 NY2d 71 [1976].)
Service of any third-party claim or cross claim, or a direct claim by plaintiff against the third-party defendants, was a nullity. Service of any such claims presupposes a properly commenced, pending action. Without one, no process can be served; it necessarily follows that no interlocutory papers can be served either. Any such claims are now barred by the three-year statute of limitations for property damage (CPLR 214 [4]) and may not be pursued in a new action.
Conclusion
Accordingly, plaintiffs motion is denied; the City’s cross motion for dismissal of the complaint is granted and the complaint and the third-party complaint (No. 590172/03) and any other pleadings that may have been served, are hereby dismissed.[4]
The Clerk shall re-mark the special proceeding (No. 110420/ 00) disposed by order and judgment of Justice Huff dated September 20, 2000.

. Plaintiff served the complaint approximately two weeks before the statute of limitations expired. A plaintiff must place the correct index number on the service copy of the summons and complaint. (CPLR 305 [a].) There is no requirement that a defendant verify that the index number on the complaint is the correct index number purchased specifically for that plenary action.

. Prematurity is not necessarily fatal to such an action. (See General Municipal Law § 50-e [7] [b]; Siegel, NY Prac § 32 [3d ed].) A timely leave application may be permissible in a timely commenced, pending action. However, a concluded leave application may not be bootstrapped into an action. Neither may an untimely action be piggybacked on a timely leave application.

. Chiacchia & Fleming (supra) specifically repudiated Venditti v Town of Alden (239 AD2d 910 [4th Dept 1997]) which curiously held that defendant *756 waived objection to plaintiffs filing a summons and complaint under the index number of a dismissed proceeding for leave to file a late notice of claim against a different entity.

. Because no action was ever commenced, none is pending capable of being dismissed.