■ JOSEPH DALY et al., Appellants, v 26-28 MARKET STREET, INC., et al., Respondents. (And a Third-Party Action.) [801 NYS2d 586]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 20, 2004, which, in an action for personal injuries under the Labor Law, granted the motion of defendants building owner and building manager to dismiss the complaint for lack of jurisdiction, unanimously affirmed, without costs.

Plaintiff filed an order to show cause seeking pre-action disclosure from his employer, then withdrew that motion, and then commenced this action against defendants using the same index number he had used in connection with the prior, withdrawn motion. The motion court correctly dismissed the action on the ground that plaintiff failed to purchase a new index number before the statute of limitations had expired, and that such failure was not waivable. Plaintiff's withdrawal of the original proceeding for pre-action disclosure effectively abandoned that proceeding, requiring him "again to comply fully with the statutory filing requirements" for commencing a new proceeding (*Matter of Gershel v Porr*, 89 NY2d 327, 332 [1996]). *Rybka v New York City Health & Hosps. Corp.* (263 AD2d 403 [1st Dept 1999]) and *Ruiz v New York City Hous. Auth.* (216 AD2d 258 [1st Dept 1995]) are distinguishable. The prior proceedings in those actions were applications for leave to serve a late notice of claim, the granting of which contemplated further related proceedings involving the same parties. Here, nothing about the withdrawal of the original proceeding indicated the possibility of further proceedings against other parties (*see Rybka* at 405, citing *Ruiz* and distinguishing *Gershel*; *cf. Allianz Ins. Co. v City*

*of New York*, 19 AD3d 159 [1st Dept 2005]). Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.