■ Robert P. Schoemann, Respondent, v Bertha Adams et al., Appellants. [814 NYS2d 469]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 14, 2005 in a personal injury action. The order denied defendants' motion to dismiss the action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On January 24, 1997, plaintiff commenced an action against defendants seeking damages for injuries he allegedly sustained while on defendants' property on February 24, 1994 by filing a summons with notice. It is undisputed that, because no affidavit of service was filed and defendants did not appear in the action within 120 days, the action was "deemed dismissed" as of May 24, 1997 (CPLR former 306-b [a]). Pursuant to CPLR former 306-b (b), plaintiff had 120 days after the dismissal in which to commence a new action, despite the expiration of the statute of limitations after the first action was commenced but before it was dismissed. On June 26, 1997, plaintiff filed a complaint and a second summons in the County Clerk's office. The second summons bore the same index number as the one that appeared on the summons with notice in the first action.

Defendants moved to dismiss the second action, contending that plaintiff had failed "to properly commence an action within the three (3) year statute of limitations" inasmuch as plaintiff had failed "to purchase a new index number and file new initiatory papers under a new index number prior to the expiration of the statute of limitations . . . or within 120 days after the [first action was deemed dismissed]." Supreme Court properly denied defendants' motion. Plaintiff established that he paid the requisite filing fee and secured "an index number" for the new action (*Matter of Gershel v Porr*, 89 NY2d 327, 331 [1996]; *see Chiacchia & Fleming v Guerra*, 309 AD2d 1213, 1214 [2003], *lv denied* 2 NY3d 704 [2004]; *cf. Matter of AHEPA 91 v Town of Lancaster*, 258 AD2d 968 [1999]). Defendants failed to preserve for our review their present contention that the receipt submitted by plaintiff to prove that he paid the second filing fee constitutes inadmissible hearsay (*see generally Monroe v Lozner*, 267 AD2d 966, 966-967 [1999]). We thus conclude that, although the index number given to plaintiff by the County Clerk's office was not a "new" index number (*Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155 [2006]), plaintiff complied with the "absolute ne-

cessity of purchasing an index number to commence [the] action" (*Chiacchia & Fleming*, 309 AD2d at 1214). Contrary to defendants' contention, the fact that the County Clerk's office assigned the same index number as that used in the original action does not invalidate the commencement of this action. Because this action was timely commenced, defendants' motion to dismiss was properly denied. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.