OPINION OF THE COURT
Martin I. Kaminsky, J.
By opinion and order on July 17, 2013 (see People v Zappula, 41 Misc 3d 226 [Muttontown Just Ct 2013]), the court dismissed without prejudice an earlier action against this defendant alleging a speeding violation (per simplified information No. BD73141941) since the People had not served a timely supporting deposition. (People v Nuccio, 78 NY2d 102 [1991] [dismissal for failure to serve a timely supporting deposition does not preclude re-filing of the case]; People v Green, 192 Misc 2d 296 [2002]; People v Rossi, 154 Misc 2d 616, 624 [1992].)
Thereafter, the People sought to re-institute the case by mailing a new simplified information, i.e., an appearance ticket (No. BD7314914), alleging the same violation to defendant and the attorney who had represented him in the original action. Defendant moves to dismiss the new action on the ground that service was allegedly legally insufficient because the appearance ticket was not personally served upon him. (Cfi CPL 150.40 [2] [providing that “(a)n appearance ticket, other than one issued for a traffic infraction relating to parking, must be served personally”]; Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 150.40 [2] at 580 [2004 ed] [“the ticket (must) be served personally in all cases other than a traffic infraction parking violation”].)
The People contend in response that, because this is merely a “re-filing” of the case and defendant was already aware of the charge, their service was proper.[1] In other words, the People say this case is a continuation of the prior case, not a new action, and, in any event, that personal service of the accusatory instrument is not required in these circumstances.
*256 The questions presented thus are: (1) does a dismissal “without prejudice” require the filing of a new separate action, or does it allow one to proceed on new papers in the existing action; and (2) if a separate action, must service of process be made as required for an entirely new action, or can service be made in a less formal manner, since the defendant already has notice of the charge against him?
A threshold matter is whether the court can even determine this motion at this time since, in a traffic case like this, jurisdiction is generally obtained only after an arraignment so that a motion to dismiss before arraignment is a nullity. (See e.g. People v Byfield, 131 Misc 2d 884, 885 [1986] [“service of an appearance ticket upon a person, whether proper or improper, does not confer personal or subject matter jurisdiction”]; People v Ayala, 37 Misc 3d 1232[A], 2012 NY Slip Op 52295[U], *3 [New Rochelle City Ct 2012] [“an appearance ticket issued to a defendant is merely an ‘invitation to appear’ ”]; see also People v MacFarlene Co., 130 Misc 2d 70 [1985].) While accepting the basic premise of the By field ruling, the court believes that the question here relates to personal jurisdiction, not subject matter jurisdiction. Defendant’s objection to service is, in effect, an objection to the court’s exercising jurisdiction over him. However, the Criminal Procedure Law does not have a provision like section 320 (c) of the Civil Practice Law and Rules allowing a defendant to make a special appearance to contest service without subjecting himself/herself to jurisdiction. (Morris et al., Village, Town and District Courts in New York § 3:209 at 3-95 [2012-2013 ed]; Byfield.) Hence, by appearing and asking for the court’s assistance, the defendant waived any objection he may have to personal jurisdiction. (Ayala.) Hence, the court will hear this motion on the merits.
The court has not been cited to, and is not aware of, New York authority squarely on point on the two questions presented. But, authority in other contexts is instructive.
Cases dealing with the effect of a “without prejudice” dismissal under the Civil Practice Law and Rules have held that such a dismissal requires that an entirely new action be filed. For example, in Chiacchia & Fleming, LLP v Guerra (309 AD2d 1213, 1214 [2003], rearg and lv denied 2 AD3d 1491 [2003], lv denied 2 NY3d 704 [2004]), the Court dismissed the case when, following a dismissal without prejudice, the plaintiff simply filed a new summons and complaint under the original index number. The Court held that, because CPLR 304 requires the purchase *257 of an index number for the commencement of an action, that same requirement applies when one seeks to re-file a prior action which has been dismissed without prejudice. (Accord Sosa v Chase Manhattan Bank, 2004 WL 5641557 [Sup Ct, Kings County, Apr. 30, 2004, index No. 46343/01]; cf. Schoemann v Adams, 28 AD3d 1212, 1213 [2006] [denying dismissal where, when the new action was filed, the court clerk had incorrectly assigned the old index number to the new action].)
This strict approach to the commencement of a civil action has since been relaxed. In 2007, CPLR 2001 was amended to provide that mistakes, errors and technical defects in the commencement of an action, including the defects in the cases cited above, may be “corrected” or, where non-prejudical, even “disregarded.” (See Ruffin v Lion Corp., 15 NY3d 578, 580 [2010].)[2] However, the amendment did not address the effect of a dismissal “without prejudice” so that Chiacchia & Fleming remains good law on that subject.
The court has not found authority as to the effect of a “without prejudice” dismissal under the Criminal Procedure Law. But there does not appear to be a cogent reason not to reach the same result on this issue as that in civil cases. Unlike a without prejudice dismissal that is coupled with leave to re-plead or do something further in the same case, the dismissal here did not provide for the court to retain jurisdiction for anything further in the original action. Therefore, the dismissal ended the original case, and that action is over. That the dismissal was “without prejudice” means that the prior decision did not necessarily finally resolve the parties’ controversy because, in the absence of another legal impediment (e.g. expiration of a limitations period), the People can file a new case to *258 purse their claim.[3] But, if the People wish to proceed against defendant, they had to and have to comply with the rules applicable to a new action.
That said, the question remains whether, in such a new action, service of process must be made in the same manner as any other new action. More specifically, since defendant is admittedly aware of the charge and took active steps to defend against it in the original action, did the “without prejudice” nature of the dismissal of that action eliminate the requirement in the CPL for personal service in a new action based on the same charge?
Here, again, practice under the CPLR is instructive. Adopting the legislature’s relaxed approach to CPLR 2001, the Court of Appeals ruled in 2010 that the 2007 amendment also applies to “technical, nonprejudicial [sic] defects” in the service of process. (Ruffin at 582.) But, the Court made clear that it was not referring to the “substantial” defects in the mode of service and that “simply mailing the documents to defendant or e-mailing them . . . would present more than a technical infirmity” warranting correction or disregard under CPLR 2001. (Id. at 583.) Thus, service in a civil action must still be made in accordance with the language of the applicable CPLR section regarding service. (See e.g. Matter of Grant v Senkowski, 95 NY2d 605, 609 [2001].)
CPLR 308, like CPL 150.40 (2), specifies the required mode of service on a “natural person.” CPLR 308 is generally applied as written, and the fact that the defendant learned of the action still does not cure improper service when the defendant timely moves to dismiss on that ground. (Ruffin at 583 [“(d)efendant’s actual receipt of the summons and complaint is not dispositive of the efficacy of service”]; see also Macchia v Russo, 67 NY2d 592, 594-595 [1986] [“the statutory requirements (for personal service) could not be plainer,” and “(i)n a challenge to service of process, the fact that a defendant has received prompt notice of the action is of no moment”].)
Because jurisdiction attaches in a different manner under the CPL and the CPLR, there is scant authority as to the requirements of service and the effect of insufficient service. (Morris et al. § 3:206 at 3-94.) But, the policy as to service of process is persuasive under the CPL, even though other procedural issues *259 under those statutes vary. Thus, the case law under CPL 150.40 (2), albeit not involving re-filing after a dismissal without prejudice, has required strict adherence to the statute’s express requirement of personal service. (People v DiLorenzo, 149 Misc 2d 791, 793-794 [1990] [“CPL article 150 must be construed, in light of its language and purpose, to require personal delivery of an appearance ticket to the defendant”]; see also People v Neuberger, 149 Misc 2d 1, 5 [1991]; People v Baxter, 148 Misc 2d 1009, 1011 [1990]; People v Gross, 148 Misc 2d 232 [1990] [rejecting proffered rationale for service by mail].)
As the court explained in DiLorenzo, personal service on a “defendant, whose liberty will be at stake in a criminal action, serves to assure his right to adequate notice.” (149 Misc 2d at 794.) This concern is equally applicable to a re-filed action since, without assurance of notice to the defendant, he/she may not realize that the People have actually recommenced a dismissed case against him/her. Even where possible incarceration may not be involved, the penalties involved in a traffic case are severe enough to require that the defendant be served as the legislature decreed. Service is sufficiently important that, even if (as here) the defendant does learn of the re-filing, he/she is entitled to the type of service as required by CPL 150.40 (2) for the same reasons that is required in a civil action.
The People admittedly did not serve the new uniform traffic summons as required by CPL 150.40 (2). The statute is explicit as to how the summons should have been served, and the defendant has declined to waive that requirement. Accordingly, service of process in this action was defective and insufficient.
For the foregoing reasons, this action is dismissed for failure to make legally sufficient service of process.

. The People add that they actually did more than necessary since the People served both defendant and defendant’s attorney. (Rossi [once an attorney has appeared for a party in an action, further papers directed to that party should be sent to the attorney].) However, the issue presented here is not who was served but rather what mode of service is required after a dismissal without prejudice.

. The 2007 amendment to CPLR 2001 effected a significant change in approach to errors in the commencement of actions. Pre-2006 case law had held that a failure to commence an action properly was a “jurisdictional” failure so that it was non-waivable and could not be corrected nunc pro tunc. (Murray v Hendrickson, 16 AD3d 1058 [2005]; Sangiacomo v County of Albany, 302 AD2d 769, 771 [2003]; cf. Allianz Ins. Co. v City of New York, 19 AD3d 159, 160 [2005], revg 2 Misc 3d 750, 754 [2003].) Shortly before the amendment, the Court of Appeals had removed that particular impediment, ruling that the requirements for commencement of actions are not jurisdictional and are waived if not timely objected to by the defendant. (Harris v Niagara Falls Bd. of Educ., 6 NY3d 155, 158 [2006]; accord Wilk v Lewis & Lewis, EC., 75 AD3d 1063, 1066 [2010] [noting effect of Harris]; see also Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718, 723 [1997] [same as to a special proceeding].) The 2007 amendment broadened that ruling to provide that such defects, etc., can be “corrected” or, if non-prejudicial, simply “disregarded” without need for a weaver event.

. Failing such a re-filing, the prior decision will be final, with the legal effect that entails (e.g. vis-á-vis res judicata and collateral estoppel).