Zayed v New York City Dept. of Design & Constr. (2018 NY Slip Op 00007)





Zayed v New York City Dept. of Design & Constr.


2018 NY Slip Op 00007


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5318 21602/15

[*1]Burhan Zayed, Plaintiff-Respondent,
v
New York City Department of Design and Construction, et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for appellants.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 28, 2015, which, among other things, denied defendants' motion to dismiss the complaint for failure to comply with CPLR 217-a and the notice of claim requirements of General Municipal Law §§ 50-e(5) and 50-i(1), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Although plaintiff successfully sought leave to file a late notice of claim before expiration of the statute of limitations, and was granted a 30-day extension of time to do so, he did not avail himself of that opportunity and, by any calculation, the one-year and 90-day statute of limitations then expired
(see CPLR 217-a; General Municipal Law §§ 50-e[5]; 50-i[1]).
The motion court was not permitted to grant an extension after the statute of limitations had run since, to do so, would render meaningless the portion of General Municipal Law § 50—e(5) that expressly prohibits the court from doing so (Pierson v City of New York , 56 NY2d 950, 955 [1982]). CPLR 2004 cannot be used to extend the statute of limitations (Rybka v New York City Health & Hosps. Corp. , 263 AD2d 403, 406 [1st Dept 1999]; CPLR 201; see also Pierson , 56 NY2d at 954).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK