Samuel W. Eager, J.
This is a motion by the plaintiff administratrix in a wrongful death action to vacate a stipulation of discontinuance of the action, which stipulation was duly signed by the attorneys and duly filed. The action was brought to recover for the death on January 17,1958, of plaintiff’s mother, as a result of an automobile accident. She was a passenger in a car driven by her husband (plaintiff’s father), and the action was brought against the owner thereof and the driver of the other vehicle involved. A defendant in the action had begun a third-party suit against the husband driver.
By letter dated August 15, 1958, the plaintiff wrote to her attorney to drop the suit. Her attorney, who then was in touch with her, advised her that it was contrary to her best interests to drop the action, because she had a meritorious claim against one or both defendants. The plaintiff, however, requested that the action be dropped because her father, who was defendant in the third-party suit, insisted that he wanted no further part in the lawsuit. The plaintiff’s attorney thereafter tried to settle the case with his client’s permission, but the defendants would make no settlement. Finally, the plaintiff’s attorney entered into stipulations of discontinuance, dated January 20, 1960, without communicating with the plaintiff and without advising her of the discontinuance.
The plaintiff’s father (decedent’s husband) had died in October, 1958. Much later, in March, 1960, the plaintiff notified her attorney that she had decided to “ re-institute the suit ” (quote from her attorney’s affidavit). The attorney thereupon started a new suit but was met with the defense of the Statute of Limitations; and such defense appears to be good.
Plaintiff now moves to vacate the stipulation of discontinuance of the first action which had been timely instituted. Her attorney says that he discontinued this action without getting in touch with plaintiff at the time, and through inadvertence in that he 11 felt that the plaintiff could institute a later action for the same cause, if she so desired.” He argues that the court has power to and should vacate the stipulation of discontinuance because it was without consideration and under the misapprehension that there existed a right to institute within a year a new action for the same cause without the Statute of Limitations applying to defeat such new action.
Now, generally speaking, the remedy by motion is available only in connection with an existing action or special proceeding. (See Matter of Jetter, 78 N. Y. 601, 605.) But, here, there is no action now pending in which a motion may be made. The voluntary, authorized and due making and filing of a stipulation *1095 of discontinuance finally terminates an action, and thereupon, “ it is as though the action never existed ’ ’; and, thus, there is then no action pending “ which would serve as a vehicle for bringing on a motion.” (American Progressive Health Ins. Co. v. Chartier, 6 A D 2d 579, 580.)
Where a stipulation discontinuing an action or proceeding in this court is unauthorized or fraudulently procured and there are no material issues of fact, it may be that the court has inherent power to vacate by motion the stipulation and reinstate the action. Under the circumstances here, however, it is clear that the plaintiff is not entitled to have the stipulation vacated. Certainly, a stipulation of discontinuance, entered into by attorneys with authority, and not induced by fraud or mistake, should stand. Here, the stipulation was fully authorized, and there is no claim of fraud or mutual mistake. Nor was there here such a mistake on part of plaintiff or her attorney as would, justify the nullification by the court of the stipulation.
It does not appear that the plaintiff herself was under any misapprehension whatever in connection with the effect of a discontinuance of the action in accordance with her instructions. The ignorance or misapprehension on part of her attorney (not a mistake on plaintiff’s part) with respect to the operation of the Statute of Limitations to bar a new action does not justify relief here. Such misapprehension was not a mistake as to the effect of the stipulation of discontinuance. The parties clearly understood that the pending action was to be terminated.
It is clear that the discontinuance of the action was voluntary, and to grant the relief sought under the circumstances here would amount to the circumventing of the Statute of Limitations. (See Civ. Prac. Act, § 23; Decedent Estate Law, § 130. Also, see, as for instance, Lapson v. 805 Ave. C Corp., 267 App. Div. 919.) The motion should be and is denied.