OPINION OF THE COURT
Ciparick, J.
Petitioner failed to comply with the CPLR commencement-by-filing system when, after paying the filing fee, he filed only an unexecuted order to show cause and petition with the clerk of the court, but did not file a signed copy of the order. However, we conclude that this threshold filing defect does not authorize a sua sponte dismissal of the special proceeding because respondents appeared in the proceeding and litigated its merits without raising this objection.
Petitioner owns a parcel of real property in the Village of Tarrytown. In June 1993, petitioner applied to respondent Zoning Board of Appeals of the Village of Tarrytown for a variance to confirm a preexisting nonconforming use of the premises. The Board denied the application.
Petitioner then sought to institute this CPLR article 78 proceeding to annul the Board’s determination. On March 7, 1994, the day before the 30-day Statute of Limitations was to expire (see, Village Law § 7-712-c [1]), counsel for petitioner delivered a proposed order to show cause, a petition, and a Request for Judicial Intervention (RJI) form to the Westchester County Clerk and paid the requisite filing fee (see, CPLR 304, 306-a). The clerk separated the proposed order from the petition, returned the petition, and accepted the proposed order and RJI for filing. Petitioner’s counsel submitted a second copy of the proposed order to show cause, petition, and RJI to the motion support office, which assigned the matter to a Justice. Petitioner’s counsel then brought the papers to the as *717 signed Justice’s law clerk. The proposed TRO was struck, a return date and date for service were inserted, and the order was signed by the assigned Justice. Neither the original nor a conformed copy of the executed order to show cause was filed with the clerk of the court before the court rendered a decision on the petition.
Petitioner served conformed copies of the executed order to show cause and the petition on respondents. Respondents answered the petition but failed to assert any objection based on defects in commencement or lack of personal jurisdiction, and thereby appeared in the proceeding and submitted to the court’s jurisdiction (see, CPLR 320 [b]). Supreme Court thereafter denied the petition and dismissed the proceeding, holding that "the filing of the blank order to show cause does not commence a proceeding under CPLR 304 and, therefore, no jurisdiction was acquired over respondents.” The Appellate Division affirmed, agreeing with Supreme Court that the filing of the proposed order to show cause did not satisfy the requirements of CPLR 304. The Court also rejected petitioner’s argument that the law clerk’s retention of the executed order to show cause should be deemed a filing with the clerk of the court. We granted leave to appeal and now reverse.
Petitioner filed only a proposed order to show cause with the clerk of the court. Since an unexecuted order to show cause is of no legal effect (cf, CPLR 2214 [d]; 2219 [a]), its filing did not satisfy the provision of the commencement-by-filing statute requiring petitioner to file an order to show cause or a notice of petition along with the petition (CPLR 304; see, Alexander, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C403.T, 1997 Pocket Part, at 190 ["CPLR 304 requires the filing of an order to show cause, and a proposed order to show cause is just that — a proposal”]). In addition, petitioner’s argument that the law clerk’s retention of the papers should be deemed a filing with the clerk is unpersuasive; a law clerk is neither the clerk of the court nor an agent designated by the clerk of the court to accept filing (see, CPLR 304; County Law §§ 525, 909 [County Clerk is the clerk of both Supreme and County Court]; see also, Siegel’s Prac Rev No. 49, at 3-4 [Sept. Extra 1996]). Therefore, petitioner’s failure to file the proper papers with the clerk of the court, and the attendant failure to properly commence the special proceeding, rendered the proceeding subject to dismissal (see, Matter of Gershel v Porr, 89 NY2d 327, 332; Matter of Vetrone v Mackin, 216 AD2d 839, 841).
*718 Although respondents appeared in the proceeding without asserting the improper filing as a defense in their answer, Supreme Court dismissed on this ground sua sponte. On appeal, petitioner contends that Supreme Court was without authority to dismiss the proceeding on its own motion. Respondents counter that Supreme Court properly raised the issue sua sponte because without a proper filing the court lacked subject matter jurisdiction of the proceeding.
The question of subject matter jurisdiction is a question of judicial power: whether the court has the power, conferred by the Constitution or statute, to entertain the case before it (see, Hunt v Hunt, 72 NY 217, 230 ["jurisdiction of the subject-matter is the power lawfully conferred to deal with the general subject involved in the action”]). In our State court system, "Supreme Court is a court of original, unlimited and unqualified jurisdiction” (Kagen v Kagen, 21 NY2d 532, 537; see, NY Const, art VI, § 7) and "is competent to entertain all causes of actions unless its jurisdiction has been specifically proscribed” (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166). It is beyond dispute that Supreme Court has subject matter jurisdiction of this CPLR article 78 proceeding insofar as it involves a challenge to the determination of a village zoning board (see, Village Law § 7-712-c; CPLR 7804 [b]). The specific question on appeal is whether commencement of an action or special proceeding in precise conformity with the dictates of the filing system is required before a court has the power to adjudicate the case, when subject matter jurisdiction otherwise exists and when personal jurisdiction over the parties has otherwise been obtained. If strict compliance with the filing system were deemed a requirement of subject matter jurisdiction, we would conclude that Supreme Court properly dismissed the proceeding sua sponte because a court’s lack of subject matter jurisdiction is not waivable, but "may be [raised] at any stage of the action, and the court may, ex mero motu [on its own motion], at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action” (Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324).
A review of the statutory language and the structure of the filing system, considered in light of its purpose and historical antecedent, compels the conclusion that respondents waived their objection to the defective filing. Turning first to the statutory language, it is significant that none of the provisions of the filing statute purport to limit or condition Supreme Court’s "competence” to entertain particular categories of actions (see, *719 CPLR 203, 304, 306-a, 306-b). "Not even the catchall word 'jurisdiction’ appears in the statute, much less an explicit limitation on the court’s competence to entertain the action” (Lacks v Lacks, 41 NY2d 71, 75).
Aside from the absence of an express statutory limitation on the courts’ subject matter jurisdiction, the purpose and the structure of the filing requirements likewise do not evince an implicit limitation on subject matter jurisdiction. The Legislature’s main reason for converting from a commencement-by-service to a commencement-by-filing system was to raise money for the State coffers, which is accomplished by requiring the payment of a filing fee when an action is commenced (see, Assembly Mem in Support and Senate Mem in Support, Bill Jacket, L 1992, ch 216 ["this legislation ensures that the revenue contemplated by the 1991 addition of CPLR 306-a will be realized”]). In this case, petitioner paid the requisite filing fee; the defective filing related only to the sufficiency of the filed papers, so the court’s principal interest in the filing system was satisfied (see, Siegel, NY Prac § 111, at 30 [2d ed 1996 Pocket Part] ["The court has gotten its index fee, so that the objection should now be reduced to something the defendant can waive if he wants to. Hence the failure to raise the objection in due form in this situation should waive it”]).[1]
Apart from the court system’s interest in collecting the filing fee, the need to pinpoint the moment of "commencement” is bound up with Statute of Limitations and service of process issues, which only concern the parties and which can be waived (see, CPLR 3211 [e]). Thus, under CPLR 203 (c) (1), the moment of commencement by filing "constitutes the crucial date for determining whether the Statute of Limitations is satisfied” (Matter of Spodek v New York State Commr. of Taxation & Fin., 85 NY2d 760, 763). In addition, "[u]nder the new filing system, service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced” (Matter of *720 Gershel v Porr, 89 NY2d 327, 330, supra).[2] Insofar as the sufficiency of the papers filed at commencement is linked to these waivable matters of primary concern to the parties, not the court, defects in filing should be waivable as well (see, Siegel, NY Prac § 111, at 31 [2d ed 1996 Pocket Part] ["a waiver by the defendant should be okay with respect to anything that concerns the defendant alone, like a defect in process service”]).
We note that an objection based on improper commencement was always waivable under the predecessor system in Supreme and County Courts (which is still the system in the civil courts of limited jurisdiction), in which an action or special proceeding was "commenced” at the moment of service of process. When process was not properly served under the old system, an action was not properly commenced (see, Markoff v South Nassau Community Hosp., 61 NY2d 283, 288 ["when an action is dismissed for lack of personal jurisdiction due to a lack of or improper service, it has not been 'commenced’ ”]; Parker v Mack, 61 NY2d 114, 117 ["what is required for the commencement of an action is the proper service of a summons”]). However, it was settled law that defects in service of process, and thus defects in commencement, were waived if defendant appeared in the action without raising the objection (see, CPLR 3211 [e]).[3] Since defects in commencement were waivable in the past, the same result should obtain under the new system, especially given the complete absence of any legislative design, much less an unequivocal legislative expression, to transform commencement from a procedural step in *721 the prosecution of an action into an unwaivable limitation on the court’s subject matter jurisdiction.[4]
Also instructive is the treatment of the filing requirement under the Federal commencement-by-filing system, which (loosely) served as the model for New York’s filing system (see, Senate Mem in Support, Bill Jacket, L 1992, ch 216, at 4 ["This bill would bring state practice more in line with federal practice”]). In discussing rule 3 of the Federal Rules of Civil Procedure (under which an action is commenced by filing a complaint), the United States Supreme Court rejected the proposition that a party’s failure to file a formal complaint would deprive the court of subject matter jurisdiction: "We think that so long as the court’s subject-matter jurisdiction actually existed and adequately appeared to exist from the papers filed [such as diversity or Federal-question jurisdiction], * * * any defect in the manner in which the action was instituted and processed is not itself jurisdictional and does not prevent entry of a valid judgment” (Schlesinger v Councilman, 420 US 738, 742, n 5 [citing 2 Moore, Federal Practice If 3.04, at 718-720; 1f 3.06 (1), at 731-732 (2d ed 1974)]; see, Appeal of FTC Line of Bus. Report Litig, 595 F2d 685, 704, n 111).[5] This point is elaborated in the Federal practice treatise cited with approval by the United States Supreme Court, which explains that an *722 objection based on defective filing is waivable, and does not involve a defect of subject matter jurisdiction:
"Strictly and accurately speaking, filing of the complaint does not give the court jurisdiction of the subject matter. The subject matter jurisdiction of the lower federal courts is determined by statute * * * Jurisdiction of the subject matter is vested by acts of Congress and if, coupled with that, jurisdiction over the defendant exists, the court has the power to enter a valid judgment. Of course, failure to comply with Rule 3, just as failure to comply with any rule, is a proper basis for timely objection” (2 Moore, Federal Practice 3.06 [1], at 3-32— 3-34 [2d ed 1996] [footnotes omitted]).
The same rationale should apply in this case. Had respondents timely objected to the defective filing by including this objection in their answer or by timely moving to dismiss, the proceeding would have been subject to dismissal. However, respondents appeared in the proceeding and litigated its merits without raising this objection and therefore waived it as a ground for dismissal, and Supreme Court lacked the authority to dismiss the proceeding sua sponte on this ground.
A contrary holding — that the improper filing in this case constitutes a defect of subject matter jurisdiction — would have a severely unsettling effect on the finality of judgments. In any proceeding where there was a threshold defect in the papers filed, the resulting judgment would be forever subject to vacatur, even though respondents appeared in the proceeding, submitted to the court’s jurisdiction, and litigated the proceeding on the merits (see, CPLR 5015 [a] [4]; see also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5015:3, at 465). Such harsh consequences are not lightly to be imputed to the Legislature. In the complete absence of any indication that this was what the Legislature intended in enacting the filing system, we decline to so hold. Perhaps specific legislation in this area would be helpful.* ****[6]
*723 The dissenting opinion contains statements requiring some response, lest the precise scope of the holding in this case be misunderstood. Contrary to the dissent’s suggestion, we do not "call[ ] into serious question” the case of Matter of Gershel v Porr (89 NY2d 327, supra), in which this Court held that strict compliance with the filing system is required for proper commencement (see, dissenting opn, at 730). The rule of Gershel is still good, indeed potent, law: Without proper commencement, a proceeding is subject to dismissal. For this same reason, the dissent’s contention that our holding will encourage litigants to be "careless about the very first actions undertaken to bring anyone before a court” (dissenting opn, at 729) is wrong, and it is crucial that litigants and counsel understand this point. Strict compliance with CPLR 304 and the filing system is mandatory, and the extremely serious result of noncompliance, so long as an objection is timely raised by an appearing party, is outright dismissal of the proceeding.
In sum, although petitioner paid the filing fee, petitioner never filed a conformed copy of the executed order to show cause with the clerk and, therefore, failed to properly commence this proceeding. However, respondents waived any objection based on this threshold filing defect by appearing and litigating the merits of the proceeding without raising this objection. Supreme Court thus lacked the authority to dismiss on this ground sua sponte.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

. Although the dissent expresses discomfort with characterizing the filing legislation as a revenue measure (see, dissenting opn, at 730), the filing system’s predominant fiscal purpose — in contrast to the hypothetical purposes advanced by the dissent — was unequivocally expressed in the sponsors’ memoranda: "Filing of the complaint as required by this legislation does not initiate court management or supervision of the action, nor does it replace service of the summons as the act which confers jurisdiction over the defendant. Rather, this legislation ensures that the revenue contemplated by the 1991 addition of CPLR 306-a will be realized” (Assembly Mem in Support and Senate Mem in Support, Bill Jacket, L 1992, ch 216).

. The dissent expresses concern that defective service of process, when deemed a "nullity,” can be waived by respondent (see, dissenting opn, at 730). However, this is not a novel theory, but a tenet of personal jurisdiction enshrined in statute. Under the CPLR, "an appearance of the defendant [or respondent] is equivalent to personal service of the summons upon him, unless an objection” based on lack of personal jurisdiction is raised (CPLR 320 [b]). Thus, it has always been and still remains the rule that service of process can be waived by respondent simply by appearing in the proceeding and submitting to the court’s jurisdiction.

. The dissent suggests that the requirement of proper commencement was in fact not waivable under the commencement-by-service regime, but that no court had ever addressed the issue (see, dissenting opn, at 726-727). However, were this Court now to hold that proper commencement has always been an unwaivable requirement of subject matter jurisdiction, the consequences would be devastating. All past cases — decided however long ago— that went to judgment after defendant waived improper service (and thus which were never properly commenced), would be subject to vacatur (see, CPLR 5015 [a] [4]). Needless to say, this cannot be the law.

. Contending that our holding represents a reversion to the commencement-by-service regime, the dissent reasons that "[s]ince a defendant or respondent does not receive notice of an action until service has been effected, and indeed, cannot answer or contest the propriety of commencement until then, service of process is again reinstated, judicially, as the dis-positive timing event for the consideration of such challenges.” (Dissenting opn, at 729 [emphasis added].) However, the dissent’s grievance is not with our holding, it is with the CPLR itself. Service of process has always been and is still the CPLR’s "dispositive timing event” for answering or for moving to dismiss, and nothing in the filing system changes that rule (see, CPLR 3012 [a] ["Service of an answer or reply shall be made within twenty days after service of the pleading to which it responds”]; CPLR 3211 [e] ["At any time before service of the responsive pleading is required, a party may move” to dismiss]).

. Even though the case is only instructive and not binding on this Court, the dissent goes to great lengths to minimize Schlesinger, but ultimately to no avail (see, dissenting opn, at 731-732). The statement in Schlesinger that the failure to file a proper complaint would not preclude entry of a valid judgment could not have been dicta, else the court would have dismissed on this ground outright without analyzing the equitable jurisdiction issue upon which the case was decided. In addition, the Federal lower court cases relied on by the dissent (id., at 733) predate Schlesinger and are therefore without force; moreover, in three of the four cited cases, the respondent expressly raised an objection to the defective commencement, and so these cases have nothing to say on the question of waiver.
*722 Finally, the United States Supreme Court’s Baldwin decision relied on by the dissent (Baldwin County Welcome Ctr. v Brown, 466 US 147) dealt with the specific question of whether an action had been properly commenced within the 90-day period to bring a title VII claim prescribed by 42 USC § 2000e-5 (f) (1), not whether a defective filing is waivable under rule 3.

. In sharp contrast to this powerful policy consideration, the dissent’s sole policy objection to our holding is that it "impostes] * * * an affirmative *723 burden which bestows undue advantage on plaintiffs and petitioners” by requiring defendants to "make a trip to the courthouse * * * to ascertain whether the action has been properly commenced.” (Dissenting opn, at 729.) We are unpersuaded. Any party served with process must make tactical decisions concerning how to proceed, including whether to submit to the court’s jurisdiction without challenge or whether to take full advantage of existing procedural objections. Viewed in this context, the dissent’s imagined "burden” is not a burden at all, particularly when one considers that by ascertaining improper commencement — which surely can be done at little cost in this age of advanced communications and litigation services — the party can secure a dismissal.