*179 OPINION OF THE COURT
Ira J. Raab, J.
The court lacks jurisdiction over a motion for summary judgment in lieu of complaint, served by other than personal delivery, if the summons attached to the notice of motion fails to contain the residence address of the plaintiff. This appears to be a matter of first impression.
In this case, the plaintiff proceeds by way of a motion for summary judgment in lieu of complaint, pursuant to CPLR 3213, in an action for nonpayment of a $10,000 noninterest bearing promissory note given to the plaintiff seller by the defendant buyer for the balance due on the purchase of a home in Port Washington, New York.
The defendant questioned the jurisdiction of the court because neither the summons, nor the notice of motion to which it is attached, sets forth the residence address of the plaintiff, nor the specific district number of the Nassau County District Court in which the action is brought.
Plaintiff’s residence address is essential on the issues of jurisdiction, venue and security for costs.
Service was perfected by affixing the papers to the defendant’s door and by certified mail after three unsuccessful attempts to otherwise serve the defendant, pursuant to CPLR 308 (4).
UDCA 401 (b) provides: "The summons shall be in such form as may be provided by rule. It shall contain the residence address of the plaintiff”. (Emphasis supplied.)
Uniform Rules for Trial Courts (22 NYCRR) § 212.6 (a) provides: "The summons shall state the district and location of the court in which the action is brought as well as the names of the parties and shall comply with all the provisions of the UDCA applicable to summonses.” (Emphasis supplied.)
Uniform Rules for Trial Courts (22 NYCRR) § 212.6 (b) provides: "Where an action is brought in any district where there are subdivisions designated as parts for a particular location, there shall also be set forth in the caption of the summons the name of the part, as, for example, 'Third District, Great Neck Part.’ ”
Uniform Rules for Trial Courts (22 NYCRR) § 212.6 (c), (d) provides two sample summons forms which "shall be used” for District Court cases. Both sample forms contain under the heading "Summons”, "Plaintiff’s Residence Address: ”.
*180 The first sample, as described in 22 NYCRR 212.6 (c), is a summons form that:
"shall be used in a case in which:
"(1) the cause of action is for money only,
"(2) the summons is served by personal delivery to the defendant within Nassau or Suffolk County, and
"(3) a formal complaint if not served therewith.” (Emphasis supplied.)
The second sample, as described in 22 NYCRR 212.6 (d), is a summons form for use "In a case in which a formal complaint is annexed to the summons”.
The rules do not cover an action for a sum of money only where a formal complaint is not served with the summons, but service was perfected by other than personal service.
The court holds that for a motion for summary judgment in lieu of complaint, in the District Court, the summons must contain the plaintiff’s residence address. The court believes that the omission from the rules of a sample form requiring the plaintiff’s residence address for a summons used with a notice of motion for summary judgment in lieu of complaint where there was other than personal delivery is a mere oversight.
If the residence address of a plaintiff is mandatory for a summons in the two types of actions mentioned in the rules, then surely it is at least equally, if not more important, for such information to be contained in a summons used in the within case, where the delivery of the summons was other than personal.
UDCA 401 (b) contains two separate sentences. The first sentence provides for the form of a summons "as may be provided by rule.” The second sentence provides that a summons "shall contain the residence address of the plaintiff”.
The court holds that by separating the two provisions, the Legislature intended the second sentence to apply even to summons forms that are not specifically required by rule.
To hold otherwise would make meaningless the requirement of the residence address of the plaintiff.
The summons also does not contain the specific district of the court in which the action is brought. 22 NYCRR 212.2 (a) (2) provides for four District Court Parts of the Nassau County District Court. The First District, for the entire County of Nassau, located in Hempstead; the Second District, for the Town of *181 Hempstead and the City of Long Beach, located in Hempstead; the Third District, for the Town of North Hempstead, located in Great Neck, and the Fourth District, for the Town of Oyster Bay and the City of Glen Cove, located in Hicksville.
The summons is jurisdictionally defective in not stating the district of the court in which the action is brought. (22 NYCRR 212.6 [a].)
The failure of the summons to state the plaintiff’s residence address and the specific district of the court was properly and timely raised by defendant in his opposition papers. Had such objections not been raised by defendant, they would be deemed waived pursuant to the March 27, 1997 Court of Appeals decision in Matter of Fry v Village of Tarrytown (89 NY2d 714).
The court also notes that the affidavit of service is defective in that it states that the process server "served the within summons and complaint with Notice of Motion Summary Judgment In Lieu of Complaint on Frank P. Perry defendant.” No such complaint was in fact served.
The motion for summary judgment is accordingly denied, and the action is dismissed due to the defective summons.