■ ALLIANZ INSURANCE COMPANY, as Subrogee of FEDERATION OF JEWISH PHILANTHROPIES SERVICE CORPORATION, Appellant, v CITY OF NEW YORK, Respondent. (And a Third-Party Action.) [798 NYS2d 365]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 6, 2004, which denied plaintiff's motion for leave to purchase an index number and file the summons and complaint nunc pro tunc and granted defendant City's cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, plaintiff's motion granted, defendant's cross motion denied, and the complaint reinstated.

Plaintiff seeks to bring this action, as subrogee of its insured, the Federation of Jewish Philanthropies Service Corporation, to recover payment for property damage to Mount Sinai Medical Center, a subsidiary of the corporation, caused by a water main break on December 29, 1999. In March 2000, plaintiff's then counsel purchased an index number for an application to file a late notice of claim pursuant to General Municipal Law § 50-e. The application was granted on September 20, 2000. In March 2001, plaintiff served defendant with a summons and complaint bearing the index number that had been purchased for the application. Defendant's answer did not allege any jurisdictional defenses.

On January 7, 2003, shortly after the three-year statute of limitations for negligence claims had expired, plaintiff's file was transferred to a Michigan attorney, who was informed at a conference before the court on February 4, 2003 that the case had been removed from the court calendar for "non-progress." On February 13, 2003, defendant instituted third-party actions against Con Edison and other companies. Plaintiff's local counsel subsequently submitted to the court a stipulation entered into with defendant to have the case restored to the calendar. However, the court declined to so-order the stipulation because it bore the index number of the terminated special proceeding and no summons and complaint had been filed. Counsel then learned that a separate index number for the summons and complaint had never been purchased or filed, and in August 2003 plaintiff moved by order to show cause for leave to purchase a separate index number and to refile the summons and complaint nunc pro tunc.

The motion court denied plaintiff's motion and dismissed the

complaint, holding that plaintiff's failures to file the summons and complaint it had served, to obtain a new index number to commence an action, and to pay a new filing fee were jurisdictional defects and as such not excusable as a matter of judicial discretion. We hold that on the facts of this case plaintiff's noncompliance does not require dismissal of the action.

In *Matter of Fry v Village of Tarrytown* (89 NY2d 714, 718 [1997]), the Court of Appeals held that commencement of an action or special proceeding "in precise conformity with the dictates of the filing system" is not required "when subject matter jurisdiction otherwise exists and when personal jurisdiction over the parties has otherwise been obtained." In that case, the petitioner seeking to bring a CPLR article 78 proceeding failed to properly commence the proceeding, because, although he paid the filing fee, he never filed a conformed copy of the executed order to show cause with the clerk. However, the Court found that by appearing and litigating the merits of the proceeding without raising this objection, respondents had waived any objection based on that threshold filing defect, and that therefore the court lacked the authority to dismiss the proceeding sua sponte on this ground.

In holding that filing defects do not divest a court of subject matter jurisdiction, the Court of Appeals observed that the "main reason for converting from a commencement-by-service to a commencement-by-filing system was to raise money for the State coffers" (*id.* at 719), and that "the need to pinpoint the moment of 'commencement' is bound up with Statute of Limitations and service of process issues, which only concern the parties and which can be waived" (*id.*).

The Court of Appeals observed that there was no indication that the Legislature, in enacting the filing system, intended that in any proceeding where there was a threshold filing defect the resulting judgment should be forever subject to vacatur, regardless of the respondents having appeared in the proceeding, submitted to the court's jurisdiction, and litigated the proceeding on the merits (*id.* at 722).

Thus, while plaintiff failed to properly commence this action, defendant answered the complaint without raising any objection to the threshold filing defect, thus waiving such objection; indeed, defendant joined with plaintiff in its attempt to restore the action to the court calendar. Moreover, we find, contrary to defendant's contention, that payment of the filing fee by the petitioner in *Fry* is not the critical factor upon which the Court of Appeals rested its decision in that case so as to require dismissal in the instant case. The specific money-raising purpose

of the statute is served equally by late as by timely payment of the filing fee. Concur—Tom, J.P., Andrias, Marlow, Ellerin and Sweeny, JJ. [*See* 2 Misc 3d 750 (2003).]