RODGER PAGE et al., Appellants, v WILLIAM MARUSICH, Respondent, et al., Defendants. [818 NYS2d 629]—

Peters, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered February 24, 2005 in Broome County, which, inter alia, granted defendant William Marusich's motion for summary judgment dismissing the complaint.

Plaintiff Rodger Page (hereinafter plaintiff) began treating with defendant William Marusich (hereinafter defendant), a dentist, in 1997. Defendant noted a hyperkeratinized area of plaintiff's lateral tongue, indicating a lesion of unknown origin. Although defendant monitored the lesion through 1999, plaintiff contends that defendant never expressed concern as to its origin or gave it any significance. Plaintiff was ultimately referred to Randolf Holly, an oral surgeon, who performed a biopsy. Holly diagnosed plaintiff with moderate epithelial dysplasia and recommended no further treatment. Later, plaintiff developed a mass on his neck, prompting a referral by Holly to James Hayes, a surgeon. Hayes ordered a CT scan of the tongue and neck and a second biopsy of the tongue; both revealed invasive squamous cell carcinoma of the right posterior lateral tongue which had a metastatic spread to the lymph nodes in the neck. Plaintiff was last treated by defendant in November 1999.

On February 19, 2002, plaintiff and his wife, derivatively, commenced this dental malpractice action against defendant, Holly and others by filing an "AMENDED" summons with notice; the term "AMENDED" was handwritten. The filing fee was paid and an index number was assigned. When plaintiffs were unable to obtain a certificate of merit against Holly, they filed a second document on June 5, 2002, entitled "AMENDED SUMMONS WITH NOTICE," without leave of court. This second "AMENDED" summons, with its accompanying complaint, listed only the current defendants (not Holly), using the same index number as the original filing. The "second" amended summons and complaint was personally served on June 11, 2002.

Defendant timely answered the complaint, raising several affirmative defenses which included the statute of limitations. Approximately two years later, after extensive disclosure, defendant moved to dismiss the action as untimely or, in the alternative, for summary judgment. Plaintiffs cross-moved for an order extending the time to serve the February 19, 2002 summons pursuant to CPLR 306-b. Supreme Court denied the cross motion but granted defendant's motion on statute of limitations grounds. Plaintiffs appeal.

Pursuant to the commencement-by-filing system, an action is initiated by the payment of a statutory fee, the acquisition of an index number and the filing of the initiatory papers with the county clerk (see CPLR 304; *Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 158 [2006]). Each defendant must thereafter be served with process within 120 days (see CPLR 306-b). Absent a defendant's waiver, the failure to serve within the 120-day pe-

riod warrants the court, upon motion, to "dismiss the action without prejudice" or "extend the time for service" (CPLR 306-b).

It is undisputed that the served papers differed from the filed papers and, therefore, the action was subject to dismissal (*see Della Villa v Kwiatkowski*, 293 AD2d 886, 886-887 [2002]).[1] However, defendant failed to raise improper service or lack of personal jurisdiction as a basis for dismissal in the answer (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 720-722 [1997]; *compare Harris v Niagara Falls Bd. of Educ., supra; Della Villa v Kwiatkowski, supra* at 886). Instead, defendant appeared and defended the action for approximately two years before moving for dismissal. For this reason, the defect was waived (*see Matter of Fry v Village of Tarrytown, supra* at 722 n 6).[2]

Turning to the merits of defendants' motion for summary judgment (*see Matter of Oefelein v Town of Thompson Planning Bd.*, 9 AD3d 556, 558 n 1 [2004]), we find that even though he met his initial burden to establish a prima facie case by the tender of an expert affidavit opining that there was no deviation from an acceptable standard of care, a question of fact was raised by plaintiffs' responsive expert's affidavit which challenged such conclusion (*see Benfer v Sachs*, 3 AD3d 781, 782 [2004]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant William Marusich's motion; motion denied; and, as so modified, affirmed.

1. CPLR 305 (c) permits a plaintiff to amend a summons by permission of the court.

2. Our determination conforms with *Matter of Gershel v Porr* (89 NY2d 327 [1996]), which was noted by the Court of Appeals in *Matter of Fry v Village of Tarrytown (supra)*, wherein it stated that "[s]trict compliance with CPLR 304 and the filing system is mandatory, and the extremely serious result of noncompliance, so long as an objection is timely raised by an appearing party, is outright dismissal of the proceeding" (*Matter of Fry v Village of Tarrytown, supra* at 723).