■ BONNIE L. MAJCHROWICZ, Appellant, v KOLPAK, INC., a Division of KMT REFRIGERATION, INC., et al., Respondents, et al., Defendant. [833 NYS2d 336]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered March 27, 2006 in a personal injury action. The order granted the motion of defendants Kolpak, Inc., a division of KMT Refrigeration, Inc., KMT Refrigeration, Inc., a wholly owned subsidiary of the Manitowoc Food Service Companies, Inc., and Manitowoc Foodservice Companies, Inc., a subsidiary of the Manitowoc Company, Inc., to dismiss the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the amended complaint against defendants Kolpak, Inc., a division of KMT Refrigeration, Inc., KMT Refrigeration, Inc., a wholly owned subsidiary of the Manitowoc Food Service Companies, Inc., and Manitowoc Foodservice Companies, Inc., a subsidiary of the Manitowoc Company, Inc., is reinstated.

Memorandum: In this action seeking damages for injuries allegedly sustained by plaintiff in August 1998, plaintiff filed an amended summons and amended complaint on December 1, 2005, bearing index Number 2005-11047. Defendants Kolpak, Inc., a division of KMT Refrigeration, Inc. (Kolpak, Inc.), KMT Refrigeration, Inc., a wholly owned subsidiary of the Manitowoc Food Service Companies, Inc., and Manitowoc Foodservice Companies, Inc., a subsidiary of the Manitowoc Company, Inc. (collectively, Kolpak defendants) moved to dismiss the amended complaint against them as time-barred. In support of their motion, the Kolpak defendants contended that the failure of plaintiff to purchase an index number for her initial complaint rendered that complaint a nullity and that the amended complaint was filed after the statute of limitations expired. We conclude that Supreme Court erred in granting the motion.

In August 1998, plaintiff allegedly sustained injuries when she slipped and fell in a walk-in freezer at her place of employment. Inasmuch as she was precluded by the Workers' Compensation Law from commencing an action against her employer (see Workers' Compensation Law §§ 11, 29), plaintiff filed a preaction order to show cause to, inter alia, inspect the freezer to ascertain the viability of litigation against third parties. That order to show cause was assigned index Number 2001-326.

On August 14, 2001, plaintiff filed a summons and complaint

in the County Clerk's Office against, inter alia, Kolpak, Inc. Plaintiff's attorney concedes that, "[t]hrough an office inadvertence, [his] staff placed index number 2001-326, the index number from the pre-suit discovery motion, on the summons and complaint." Kolpak, Inc., answered the complaint and participated in the normal litigation process through 2005. In 2005, the attorney for the Kolpak defendants attempted to purchase a request for judicial intervention (RJI), but was informed that no index number had been purchased for the action. Thereafter, plaintiff filed the amended summons and complaint under the new index number.

Contrary to the court's conclusion, the summons and complaint were filed in the County Clerk's Office. The Erie County Clerk's Office's official records public search form establishes that, on August 14, 2001, a summons and complaint were filed under index Number 2001-326. Furthermore, the summons and complaint bear a time stamp from the County Clerk's Office. Plaintiff concedes that she failed to purchase a new index number for the summons and complaint, and we agree with the Kolpak defendants that such failure constitutes a defect in the compliance with the commencement-by-filing system (see *Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 158 [2006]). That defect, however, "is waived absent a timely objection by the responding party" (*id.*). We agree with plaintiff that the Kolpak defendants waived the defect by participating in the litigation process for over four years without objecting to the defective filing (see e.g. *Page v Marusich*, 30 AD3d 871, 873 [2006]; *Anonymous v Anonymous*, 27 AD3d 356, 360-361 [2006]; *Allianz Ins. Co. v City of New York*, 19 AD3d 159, 160 [2005]). Although the Kolpak defendants did not become aware of the defect until their attorney attempted to purchase the RJI, they had an affirmative duty to ascertain whether the action against them had been properly commenced (see *Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 722 n 6 [1997]) and failed to do so. The Court of Appeals has explicitly stated that " 'defendants and respondents are warned that if they want to capitalize on technicalities they must mind their own procedures' " (*Harris*, 6 NY3d at 159; see *Matter of Ballard v HSBC Bank USA*, 6 NY3d 658, 664-665 [2006]).

Inasmuch as the Kolpak defendants waived the defective filing of the complaint, the claims asserted in the amended complaint revert back to the date of the filing of the complaint in 2001 and therefore are not barred by the statute of limitations (see CPLR 203 [f]). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.