OPINION OF THE COURT
Gary F. Knobel, J.
Motion by defendant for an order discontinuing this action pursuant to CPLR 3217 (b), or in the alternative, for an order dismissing the plaintiffs complaint pursuant to CPLR 3211 (a), is denied in its entirety. However, the plaintiff is directed to immediately purchase a new index number (see CPLR 2001).
The unusual procedural issues raised by this motion involve (1) the application of the recent amendment to CPLR 2001, which not only gives the court discretion to correct or ignore mistakes or omissions occurring at the commencement of an action, it requires the court to excuse the commencement error if a substantial right of a party is not prejudiced, (2) the effect of this amendment on the Court of Appeals’ commencement-by-filing decisions, (3) whether the revised version of CPLR 2001 should be applied when there is a defect in an action, such as the one at bar, that has been commenced by service of process, and (4) the timing of a motion to dismiss the complaint based upon the affirmative defenses alleging commencement infirmities, i.e., “fail[ure] to properly commence an action” and “fail[ure] to properly obtain an index number.”
*196 The procedural history of this case is as follows:
Vinings Spinal Diagnostic, EC., as assignee of Andrew Amitrano, commenced an action on November 26, 2001, under index No. 18354/01, against the defendant Progressive Casualty Insurance Company. The plaintiff sought to recover no-fault insurance benefits for medical services in the sum of $808.80 rendered to Andrew Amitrano on or about June 7, 2000.
In April of 2002, the plaintiff moved for an order pursuant to CPLR 3215 granting a default judgment against the defendant. That motion was subsequently withdrawn by stipulation, signed by all parties, dated April 1, 2002. Thereafter, the defendant filed an answer asserting 12 affirmative defenses.
On September 11, 2002, the defendant moved for an order pursuant to CPLR 3126 striking the plaintiff’s complaint for plaintiff’s failure to respond to the defendant’s outstanding discovery demands. The plaintiff opposed said motion and cross-moved for various forms of relief. By order dated November 27,
2002, this court denied defendant’s motion as moot since plaintiff had responded to the defendant’s outstanding discovery demands. The court’s order also denied the plaintiffs cross motion as it was not properly noticed (see CPLR 2215).
On May 8, 2003, this action was referred to mandatory arbitration in accordance with 22 NYCRR 28.2. On October 16,
2003, the case was heard before an arbitrator where both parties appeared. The arbitrator’s award entered on January 13,
2004, stated that the action was “withdrawn without prejudice in order to re-institute the suit with the proper parties.” It appears that the parties entered into a stipulation of discontinuance in 2003. A review of the Clerk’s file of this action reveals that the stipulation of discontinuance dated “ — 2003” and filed with the Clerk’s office on March 14, 2004, provided, in relevant part, that:
“It is hereby stipulated and agreed by and between the attorneys for the respective parties herein that the above captioned is discontinued without prejudice[.] This discontinuance shall in no way prevent the institution of an action for the bills herein under John M. Horvath, D.C., EC. The defendant, Progressive Insurance Company, shall serve an answer to the plaintiff’s complaint within forty (40) days of service thereof as service of the complaint is to be served on the law firm of Freiberg & Peck ... by either personal delivery or certified mail, return *197 receipt requested, and Freiberg and Peck agree to accept service of process on behalf of [defendant] Progressive Casualty Insurance Company.” (Emphasis added.)
The stipulation of discontinuance was signed by the attorneys for both parties (see CPLR 3217 [a] [2]). Consequently, the stipulation had the effect of discontinuing the action pending under index No. 18354/01.
Thereafter, on or about March 19, 2004, notwithstanding the fact that the action under index No. 18354/01 had been discontinued, an amended summons and complaint bearing that same District Court index number was served by regular mail on Freiberg & Peck. The name of the plaintiff, as contemplated by the parties’ stipulation, that was set forth on the amended summons and complaint was John M. Horvath, D.C., PC., rather than Vinings Spinal Diagnostic, P.C. The plaintiff never purchased a new index number. Defendant served an amended answer to the plaintiffs amended summons and complaint on March 24, 2004. The amended answer asserted three jurisdictional defenses, a fourth affirmative defense that “[t]he plaintiff has failed to properly commence an action,” a fifth affirmative defense that “[t]he Court has no jurisdiction over the parties,” and an eleventh affirmative defense that “[t]he plaintiff has failed to properly obtain an index number.” The defendant’s attorney claims that defendant’s file was archived in an “off-site storage facility” and “misplaced by the storage facility.”
Three years later, on January 25, 2007, this case was scheduled for a discovery conference by the Clerk of the Civil Term. The parties entered into a discovery stipulation which outlined the time frames for which both parties had to complete discovery. A review of the Clerk’s file indicates that this stipulation required the defendant to provide the plaintiff “with all relevant denial of claim forms, peer reviews/IMEs, including medical records reviewed by peer/IME doctor, within ninety (90) days of the date of this Stipulation (4-26-2007).” If the defendant failed to timely furnish these records, it would be precluded from offering that information at the time of trial. The plaintiff also stipulated to provide various discovery to the defendant. In addition, the parties reserved the right to schedule depositions following the exchange of the written discovery.
The branch of defendant’s motion pursuant to CPLR 3217 seeks an order discontinuing this action upon the ground that the plaintiff failed to properly commence the second action by *198 its failure to purchase a new index number. Defendant further contends pursuant to CPLR 3211 (a) that any refiling by plaintiff of this action under a new index number would be time-barred by the six-year statute of limitations since the plaintiff was required to properly recommence its action by June 12, 2006.
In opposition plaintiff acknowledges that the prior action under index No. 18354/01 was discontinued by stipulation. It contends, however, that the defendant waived any claim regarding the plaintiffs failure to purchase a new index number by serving an answer to the plaintiffs amended summons and complaint and not raising an objection. The plaintiff further contends that the defendant should be barred by the doctrine of laches from bringing this motion to dismiss after the statute of limitations has expired.
The first issue the court will determine is the effect the stipulation of discontinuance has upon this action.
A party asserting a claim has a statutory right to voluntarily discontinue an action (CPLR 3217 [a] [1]). It is well settled that the voluntary making and filing of a stipulation of discontinuance has the effect of terminating an action. Several courts have held that when an action is discontinued by consent, “it is as though the action never existed” (American Progressive Health Ins. Co. of N.Y. v Chartier, 6 AD2d 579, 580 [1958]; see also Newman v Newman, 245 AD2d 353 [1997]). Moreover, courts have held that since no action is pending, there is no vehicle through which a motion can be made. The remedy by motion to enforce a stipulation is available only in connection with an existing action or special proceeding (see Bruck v Contos, 24 Misc 2d 1093 [1960]).
However, stipulations dismissing or discontinuing a case must be fairly and reasonably construed, in light of the surrounding circumstances and in view of the result which the parties were attempting to accomplish (Nordred Realties, Inc. v Langley, 169 Misc 659 [1938], affd 279 NY 636 [1938]). Notwithstanding the fact that a stipulation of discontinuance is entered into, an action is not automatically terminated unless there has been a showing that the parties have executed an express, unconditional stipulation of discontinuance (see Pegalis v Gibson, 237 AD2d 420 [1997]).
In the instant case, the action captioned Vinings Spinal Diagnostic, P.C. as assignee of Andrew Amitrano v Progressive Casualty Insurance Company which bore index No. 18354/01, *199 was effectively discontinued on March 19, 2004, in accordance with the signed stipulation of discontinuance. The terms of the stipulation clearly express an intent by both parties to discontinue that action (see CPLR 3217 [a] [2]).
Consequently, the court must now determine the effect of plaintiff’s recommencement of the action at bar without purchasing a new index number, and the timeliness of defendant’s motion to dismiss.
In 1992, the method of commencing an action in supreme and county courts was changed by the Legislature from a commencement-by-service to commencement-by-filing system, making the payment of a filing fee and the filing of the initiatory papers the acts that commence an action (CPLR 304, 306-a; Matter of Gershel v Porr, 89 NY2d 327, 330 [1996]; Matter of Fry v Village of Tarrytown, 89 NY2d 714, 719 [1997]). This new commencement system became effective in the District Court 12 years later on September 8, 2005. The Legislature’s main reason for converting to a commencement-by-filing system was to raise money for state coffers by requiring the payment of a filing fee when the action was commenced (Matter of Fry v Village of Tarrytown at 719; Bellew v City of New York, 272 AD2d 104 [2000]). Although the legislative goal of raising substantial revenue was quickly met, extensive litigation arose over procedural issues pertaining to a defect in compliance with the statutory requirements of the commencement-by-filing system. There is no rule or section of the CPLR, or in the Uniform District Court Act, which serves as a basis upon which a defendant or a respondent can seek dismissal of the action or proceeding based on the specific ground of improper commencement or defective commencement in the filing of the action (see CPLR 3211 [a], [e]; 304, 305; UDCA 400). As a result, many trial and appellate courts disagreed over whether these infirmities were personal, or subject matter, jurisdictional defects. The Court of Appeals wrestled with these issues over a 10-year period in cases such as Matter of Fry v Village of Tarrytown (89 NY2d 714 [1997]), Matter of Gershel v Porr (89 NY2d 327 [1996]), Harris v Niagara Falls Bd. of Educ. (6 NY3d 155 [2006]) and Matter of Ballard v HSBC Bank USA (6 NY3d 658 [2006]), and set forth the following principles in balancing the competing interests of the parties in the commencement process:
(1) strict compliance with the commencement-by-filing system was mandatory, and noncompliance could result in outright dismissal of the proceeding;
*200 (2) the improper commencement of an action, such as the failure to obtain a new index number for a subsequent identical action, or the failure to pay the fee for an index number, did not deprive a court of subject matter jurisdiction (if the defect did not undermine the constitutional or statutory basis to hear a case);
(3) these types of commencement infirmities fell into the category of a defect in personal jurisdiction, not subject matter jurisdiction;
(4) personal jurisdiction could only be obtained over a defendant if the defendant’s constitutional right to due process has not been violated and the plaintiff has complied with the commencement filing rules;
(5) defendant’s right to challenge personal jurisdiction, on the ground that the plaintiff committed an error, omission or defect in commencing the action, could be waived by the defendant intentionally or unintentionally; and
(6) defendant could only assert the right to object to personal jurisdiction by timely raising the objection in an answer as an affirmative defense, or in a pre-answer motion to dismiss.
In 2007, the Legislature saw a need to overrule the aforecited Court of Appeals decisions “to fully foreclose dismissal of actions for technical . . . non-prejudicial defects” in commencement, such as the “late payment of the fee [to purchase an index number] because of a bounced check (which is subsequently cured) or the failure to purchase a second index number,” regardless of whether the defendant objected in a timely and proper manner (see 2007 Rep of Advisory Comm on Civ Prac, at 24-25, reprinted in 2007 McKinney’s Session Laws of NY, at 2219 [hereinafter Report]). Consequently, the Legislature amended CPLR 2001* to mandate a court “[a]t any stage of an action” to excuse or forgive and correct a mistake, omission, defect or irregularity in the commencement of an action unless “a substantial right of [an adverse] party” would be “preju *201 diced.” The Legislature, unlike the Court of Appeals, now distinguished between types of commencement defects: (a) minor, harmless errors which the court must excuse, and (b) major, inexcusable deficiencies that are not subject to correction in the court’s discretion because a “substantial right” of the defendant would be affected, such as the failure by the plaintiff to properly commence the action within the statute of limitations, or the filing of a bare summons without a complaint in contravention of the statutory requirement (see CPLR 304). With respect to the latter circumstance, the 2007 Report of the Advisory Committee on Civil Practice to the Chief Administrative Judge of the Courts of the State of New York (at 25, reprinted in 2007 McKinney’s Session Laws of NY, at 2219) specifically stated that the amendment to CPLR 2001 was not meant to overrule the 1984 Court of Appeals decision of Parker v Mack (61 NY2d 114 [1984]), that was issued in the previous era of commencement by service of process. Parker held that the service of a summons which (1) failed to recite the nature of the action and relief sought, as required by CPLR 305 (b), and (2) was served without a complaint, rendered the commencement of the action a nullity. The Parker Court implied that this type of commencement infirmity was such a serious defect in an initiatory process document that it deprived a court of subject matter jurisdiction, i.e., the power of the court to act to hear and determine the case before it. The “nullity” concept expressed in Parker was echoed 12 years later by the Court of Appeals in Matter of Gershel v Porr (the service of process on the defendant before that process was filed with the county clerk rendered the action a nullity), and by the dissent in Matter of Fry v Village of Tarrytown, but was distinguished in Matter of Ballard v HSBC Bank USA (6 NY3d 658, 663 [2006]), Harris v Niagara Falls Bd. of Educ. (6 NY3d 155 [2006]) and Matter of Fry (89 NY2d at 718-719). However, the Court of Appeals has never expressly overruled its decisions in Gershel or Parker. Consequently, last year, when the Appellate Division, Third Department, in Matter of Miller v Waters (51 AD3d 113 [2008]), was presented with an opportunity to interpret and apply the 2007 amendment to CPLR 2001, it seized upon the Legislature’s treatment of a Parker commencement defect as a defect in subject matter jurisdiction, depriving the court of the power to act. The Miller court declared that “[although the language of [CPLR 2001] is broad . . . the [amended] statute was not intended to allow courts to create subject matter juris *202 diction where it does not exist” (Miller, 51 AD3d at 117). The court concluded that it will adhere to the precedent in the Third Department that “nonfiling of the papers necessary to institute the action is a nonwaivable, jurisdictional defect” (Miller at 116, 118). Thus, the Legislature’s amendment of CPLR 2001 will most likely revive the debate as to whether the nonfiling (or filing) of proper papers to commence an action or proceeding is a component of subject matter jurisdiction rather than personal jurisdiction.
Turning to the branch of defendant’s motion seeking the dismissal of the complaint based upon the infirmities in the commencement of this action, the relief sought must be denied, whether the revised version of CPLR 2001 is considered and applied, or whether the statutes in effect and the principles of law pronounced by appellate courts between 1996 and 2007 are applied.
Here the parties charted their own procedural course by entering into stipulations which (1) permitted the commencement of a subsequent action by a different plaintiff for the same relief sought in the original action, and allowed for service of the complaint on the defendant at its counsel’s office by certified mail, and (2) set forth a discovery schedule. Consequently, since the action at bar was recommenced in the District Court six months prior to the effective date (Sept. 8, 2005) of the commencement-by-filing system in District Court (see UDCA 400), the plaintiff was not, contrary to defendant’s contentions, required to first purchase an index number and file the summons and complaint before serving the “amended” summons and complaint. Nevertheless, the plaintiff was still required to purchase a new index number for the subsequent action (see UDCA 1911 [a] [1], [2]).
The commencement errors committed by plaintiffs counsel— serving an amended complaint and serving process by regular mail instead of certified mail in accordance with the parties’ stipulation, and failing to purchase a new index number — were technical, nonprejudicial procedural defects that should be disregarded in accordance with the 2007 revision of CPLR 2001 (see Report, supra). This holding would also be consistent with the enactment in 2005 of section 400 (3) of the Uniform District Court Act, which mandates that the “[f]ailure to include the index number on the papers as served shall be cured by stipulation between the parties or by leave of court, which shall not be unreasonably withheld.”
*203 Even if the former CPLR 2001 and the overruled Court of Appeals precedent are applied to the issue of whether the commencement infirmities herein can be excused, the same conclusion as set forth above should be reached. Although the defendant raised the affirmative defense of lack of personal jurisdiction in its answer and specifically noted that there were commencement defects, the defendant waived these objections by failing to move to dismiss the complaint based upon those grounds within 60 days after serving its answer (see CPLR 3211 [e]; Matter of Fry at 721 n 4; Federici v Metropolis Night Club, Inc., 48 AD3d 741, 742 [2008]; Page v Marusich, 30 AD3d 871, 873 [2006]; Sirkis v Cohen, 23 AD3d 369, 369-370 [2005]; Jacobowitz v Leak, 19 AD3d 453, 455 [2005]; Dimond v Verdon, 5 AD3d 718, 719 [2004]). CPLR 3211 (e) specifically requires, inter alia, the defendant to make a motion within that 60-day time limit for the dismissal of the case due to improper service of process. However, this court broadly interprets that provision in CPLR 3211 (e) to also require the defendant to timely move to dismiss the case based upon a defect in the commencement of an action. Consequently, this court declines to follow the Third Department appellate precedent of Sangiacomo v County of Albany (302 AD2d 769, 771 [2003]), and trial court decision in Laursen v Dundee Cent. School Disk (13 Misc 3d 1209[A], 2006 NY Slip Op 51745[U] [2006]), which held that there is no time limit for that type of motion. The purpose of the 60-day time frame is to flesh out and address issues regarding personal jurisdiction during an early stage of the litigation rather than when the case is ready for trial. This is especially true where, as here, the defendant appeared and defended the subsequent action for three years before moving for dismissal based upon commencement infirmities (see Majchrowicz v Kolpak, Inc., 38 AD3d 1186, 1188 [2007]; Page v Marusich, 30 AD3d 871, 873 [2006]; Sirkis v Cohen, 23 AD3d 369, 369-370 [2005]; compare Matter of Miller v Waters, 51 AD3d 113 [2008]; Sangiacomo v County of Albany, 302 AD2d 769, 771 [2003]). In addition, defendant failed to demonstrate undue hardship pursuant to CPLR 3211 (e) to justify an extension of time to move for dismissal of the complaint on those grounds (see Britt v Buffalo Mun. Hous. Auth., 48 AD3d 1181 [2008]; Vandemark v Jaeger, 267 AD2d 672 [1999]).

 CPLR 2001 provides that
“[a]t any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid.” (Emphasis added.)