Webster v M.V.P. Collision (2023 NY Slip Op 50685(U))

[*1]

Webster v M.V.P. Collision

2023 NY Slip Op 50685(U)

Decided on June 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ.

2022-423 S C

John A. Webster, II, Appellant,
against
M.V.P. Collision, Doing Business as Mid-Island Collision Center and Robert Jesberger, Also Known as Bobby, Respondents. 

John A. Webster, II, appellant pro se.
Barket Epstein Kearon Aldea & Loturco, LLP (Alexander R. Klein of counsel), for respondents.

Appeal from an order of the District Court of Suffolk County, First District (Cheryl M. Helfer, J.), entered May 3, 2022. The order denied plaintiff's motion for, in effect, a protective order, or, in the alternative, to stay discovery.

ORDERED that the appeal is dismissed, the order entered May 3, 2022 is vacated, and the matter is remitted to the District Court. The clerk of that court is directed to dismiss the complaint unless plaintiff, within 30 days of the date of this decision and order, either stipulates to amend the complaint so as to bring each viable cause of action, in accordance with this decision and order, within the District Court's monetary jurisdiction, or files proof that he has sought to have his action removed to a court having the proper monetary jurisdiction.
Plaintiff, pro se, commenced this action to recover $15,000 for breach of contract, $15,000 for breach of warranty, $7,879.02 for property damage, $15,000 for loss of personal property, $15,000 for refund based on defendant's defective work, labor, and/or services, and $5,220.72 for loss of value of his vehicle.
Plaintiff moved for, in effect, a protective order, or, in the alternative, to stay discovery. Plaintiff appeals from an order of the District Court (Cheryl M. Helfer, J.) entered May 3, 2022 denying his motion as moot. For the reason that follows, the appeal must be dismissed.
"[A] court's lack of subject matter jurisdiction is not waivable, but may be [raised] at any stage of the action, and [a] court may, [on its own motion], at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action" (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 722 [1997] [internal quotation marks omitted]).
Pursuant to UDCA 202, the District Court has jurisdiction over a money action in which the amount sought to be recovered does not exceed $15,000, exclusive of interest and cost (see UDCA 201) and, where several causes of action are asserted in a complaint, and each of them would be within the monetary jurisdiction of the court if sued upon separately, the District Court has jurisdiction over the action (see UDCA 211). Of the six "causes of action" set forth in the instant complaint, there are two that are clearly recognizable causes of action, to wit, breach of contract and breach of warranty. Giving the complaint a very liberal interpretation, it could arguably also be alleging a cause of action based on a tort. However, the complaint also improperly alleges as "causes of action" measures of damages. When added to any of the viable causes of action, such damages cause the complaint to exceed the $15,000 monetary jurisdictional limit of the District Court (see UDCA 202).
As this action is still in a prejudgment posture, we afford plaintiff the opportunity to "cure" the excessive demand. Accordingly, we dismiss the appeal, vacate the order entered May 3, 2022, and remit the matter to the District Court. The clerk of that court is directed to dismiss the complaint unless plaintiff, within 30 days of the date of this decision and order, either stipulates to amend the complaint so as to bring each viable cause of action, in accordance with this decision and order, within the District Court's monetary jurisdiction (see Bing v Fairfield Presidential Mgt. Corp, 5 Misc 3d 130[A], 2004 NY Slip Op 51297[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]; Campbell v Fairfield Presidential Assoc., 5 Misc 3d 130[A], 2004 NY Slip Op 51296[U][App Term, 2d Dept, 2d & 11th Jud Dists 2004]; cf. Boland v Miller, 20 Misc 3d 130[A], 2008 NY Slip Op 51420[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008] [posttrial judgment reversed and complaint dismissed without affording plaintiff the opportunity to "cure" the excessive demand]; see also Klarer v Fischer,35 Misc 3d 136[A], 2012 NY Slip Op 50776[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012] [posttrial judgment and action vacated, without affording the plaintiff the opportunity to "cure" the excessive demand]), or files proof that he has sought, pursuant to CPLR 325, to have his action removed to a court having the proper monetary jurisdiction.
We note that, in the event the complaint is dismissed, the dismissal would be without prejudice and plaintiff, if he be so advised, may, within six months from the date of dismissal, recommence his action regardless of the running of the statute of limitations (see CPLR 205 [a]), either in the same court, by reducing the amount demanded in his complaint, or in a court having the proper monetary jurisdiction.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 30, 2023